[No. 7122.   Decided July 28, 1908.]

SEATTLE CEDAR LUMBER MANUFACTURING COMPANY,
*Respondent,* v. THE CITY OF BALLARD *et al.,*          .
*Appellants.*[1]

MUNICIPAL CORPORATIONS—SEWERS—ASSESSMENTS—STATUTES—IM-
PLIED REPEAL. Where the original charter and former statutes re-
lating to sewers of cities of the third class provided that the cost
should be paid by the city out of the sewer fund, and by Laws 1891,
p. 406, special assessment of property benefited was authorized in
cities of the 2nd, 3rd, and 4th classes, the proceeding to be initiated
by petition of persons owning half of the property, and the lien
enforced by a summary sale, all the prior laws so far as they related
to sewers of cities of the third class are impliedly repealed by Laws
1903, p. 231, which specifically amends the charters of cities of the
third class and provides for special assessments to be initiated by
resolution or ordinance of the city council and enforced by an action
of foreclosure; as they are inconsistent, and the intent to supersede
prior laws is clear, although they are not expressly repealed.

SAME—ASSESSMENTS—VALIDITY—JURISDICTIONAL DEFECTS — CURA-
TIVE STATUTES. Laws of 1905, p. 281, which provides that no special
assessment can be set aside unless it be made to appear that the city
authorities acted fraudulently, will be construed, in order to uphold
its constitutionality, to reach only irregularities and not jurisdic-
tional matters; hence the law of 1905 does not prevent the setting
aside of an assessment void for want of jurisdiction; and failure to ·
substantially follow the established statutory method is essentially
a jurisdictional defect, rendering an assessment void.

JUDGMENT—ON PLEADINGS—ADMISSIONS IN ANSWER. Where affirm-
ative defenses show that plaintiff is entitled to the relief demanded
and defendants refused to plead further after demurrer to the de-
fenses are sustained, judgment may be entered for the plaintiff with-
out the taking of proofs upon formal denials of the answer.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered April 22, 1907, in favor of the
plaintiff, upon sustaining a demurrer to the affirmative an-
swer, in an action to enjoin the collection of a special assess-
ment for a local improvement.   Affirmed.

[1]Reported in 96 Pac. 956.

*Scott Calhoun* and *Howard A. Hanson*, for appellants.
*Peters & Powell*, for respondent.

HADLEY, C. J.—This is an action to enjoin the city of Ballard and the city marshal thereof from collecting, or attempting to collect, a special assessment for the construction of a sewer. The plaintiff is the owner of real estate which was assessed for said improvement in the aggregate sum of $746.67. It is conceded by the defendants that the city proceeded in accordance with chapter 160 of the Laws of 1891, p. 406, entitled: "An Act to provide for the drainage of cities of the second, third and fourth class, by the construction of sewers and drains." It is contended by the defendants that the procedure was also authorized by chapter 126 of the Laws of 1899, p. 244, entitled: "An Act authorizing cities and towns, other than cities of the first class, to construct sewers and drains within assessment districts, and to levy and collect special assessments and taxes to pay therefor, and declaring an emergency." And also by chapter 27 of the Laws of 1903, p. 30, entitled: "An Act to amend section two (2) of an act entitled 'An act authorizing cities and towns, other than cities of the first class, to construct sewers and drains within assessment districts, and to levy and collect special assessments and taxes to pay therefor, and declaring an emergency,' approved March 14, 1899." The plaintiff's position is that all legislation upon the subject, so far as cities of the third class are concerned, was superseded by chapter 124 of the Laws of 1903, p. 231. The facts with regard to the method of procedure were set up by way of answer to the complaint, and the plaintiff thereupon demurred to the affirmative answer. The demurrer was sustained, and the defendants declining to plead further, judgment was entered declaring the assessment void and restraining the defendants from collecting or attempting to collect it. The defendants have appealed.

The real contention on the appeal is whether chapter 124 of the Laws of 1903 has superseded all other legislation upon the subject of sewer construction in cities of the third class. The lower court held that it has. The first legislation upon the subject is found in Laws of 1890, p. 187, § 124. That section was a part of the charter adopted in 1890 for all cities of the third class. It provided for payment of the expense of making and repairing sewers out of the sewer fund, which fund was sustained by general taxation. The next legislation was that found in chapter 160 of the Laws of 1891, which was an act to provide for the construction of sewers in cities of the second, third, and fourth classes. That act authorized the establishment of sewer districts and the special assessment of property benefited. The procedure as there outlined is initiated by a petition signed by persons owning a majority of the land to be included in the district, and it is, concluded after the intermediate steps by a summary sale of the property by the city marshal as the means of enforcing collection. The next statute bearing upon the subject is that of § 5, p. 159, of the Laws of 1893, chapter 70. It will be seen that the section is an amendment of § 124 of the act of 1890, which related to cities of the third class only, and this act of 1893 still declares that the expense of making and repairing sewers in cities of the third class shall be paid by the city out of the sewer fund. The next statute is that of chapter 126 of the Laws of 1899, which authorizes the establishment of assessment districts for sewer construction in cities and towns other than those of the first class, and provides for payment by the installment and bond method. The next statute is that of chapter 113 of the Laws of 1901, p. 229, which is entitled as follows: "An Act amending section 943 of Ballinger's Codes and Statutes of Washington, relating to assessments for local improvements." Section 943 of Bal. Code (P. C. § 3495), which is specifically amended by this statute of 1901, is the original section 124 of the statute of 1890 heretofore mentioned as a part of the original char-

ter for cities of the third class. This statute of 1901 still declares that the expense of making and repairing sewers shall be paid by the city out of the sewer fund. The next statute is that of chapter 27 of the Laws of 1903, which provides for special assessments for sewer construction in cities and towns other than those of the first class. There is nothing further concerning said statute that is pertinent here. The last legislation upon the subject which has been called to our attention is chapter 124 of the Laws of 1903, which was passed and approved subsequent to the passage and approval of said chapter 27 at the same session. This last statute, chapter 124 of the Laws of 1903, specifically amends said § 943 of Bal. Code, which relates to cities of the third class only.

It will be seen from the foregoing review that every statute (prior to the last one) which provided for special assessment districts included other cities as well as those of the third class. In 1890, 1893, and 1901 the legislation related to cities of the third class only, and each time it was provided that the making and repairing of sewers should be paid by the city out of the sewer fund. The next statute relating exclusively to cities of the third class is that of chapter 124, Laws of 1903, and by it the original statute in the charter of the cities of the third class is so amended that special assessments are expressly authorized. The method of effecting the assessment and collection as outlined is initiated by resolution or ordinance of the city council, declaring its intention to construct the improvement, followed by another ordinance, after notice and hearing of protests, establishing an assessment district, and the collecting procedure is concluded by a suit to foreclose in accordance with the provisions of the code of civil procedure. It is the contention of appellants that this statute is not inconsistent with that of 1891 heretofore cited, and that inasmuch as the former statute is not expressly repealed by the later one, it is still in force and the city may proceed thereunder. We think the two statutes are by no

means consistent. The initiation of the procedure and the steps thereof respectively differ in essential particulars throughout, the former concluding by summary sale of the property and the latter by suit to foreclose. We think that, so far as the subject of sewer construction in cities of the third class is concerned, chapter 124 of the Laws of 1903 must be held to have repealed by implication the statute of 1891. We also think that said chapter was clearly intended to supersede all former statutes upon the subject of sewer construction in cities of the third class.

It is further contended that the court erred in holding the assessment void by reason of chapter 150 of the Laws of 1905, p. 281. It is contended that, under that statute, no special assessment can be set aside unless it is made to appear that the city authorities acted fraudulently and without good faith. If that statute had been intended to reach beyond mere irregularities and to include jurisdictional matters, we think it would necessarily have been unconstitutional. In the interest of upholding the validity of the statute we think it must be held that it was not intended to declare that all jurisdictional matters are henceforth immaterial and that any assessment, no matter by what method it is accomplished, shall be upheld unless the city authorities have acted fraudulently. If such were the intention of the statute and if it could obtain, then no uniform method of procedure would be needed. Any one of say a hundred or more different methods would have to be upheld unless some fraud were discovered. Such a lax and confusing legislative scheme could not be tolerated in any well regulated community, and we hold that our legislature did not intend such a result. At least a reasonably substantial following of the established statutory method of making public improvements by special assessments is essentially a jurisdictional matter. The failure to proceed under chapter 124 of the Laws of 1903 in the case at bar rendered the assessment void.

Appellants further contend that it was error to enter judg-

ment without taking evidence, for the reason that the answer denied many allegations of the complaint, thus making issues of fact. Appellants' affirmative allegations, however, revealed the invalidity of the assessment. They cannot now assume an inconsistent position and demand a useless trial upon facts which they have formally denied, when their own affirmative averments show that respondent is entitled to the relief asked. A demurrer to these averments having been sustained, and appellants having declined to plead further, the judgment that was rendered properly followed.

The judgment is affirmed.

FULLERTON, CROW, and MOUNT, JJ., concur.