[No. 7867.   Department One.   May 18, 1909.]

DAVID STEWART, *Respondent*, v. THE CITY OF CHEHALIS,
*Appellant*.[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—ASSESSMENTS—
BASIS—BENEFITS.  A municipal assessment for sewer purposes is to
be based upon benefits received, under Laws 1907, chapter 70, and
not upon the last general assessment for city purposes, under Laws
1903, ch. 27, which is superseded.

SAME—HEARING—ADJOURNMENTS—STATUTES — APPLICATION.   The
hearing on an assessment for sewers, levied under the act of March
27, 1890 (Laws 1890, p. 131, Bal. Code, § 943), may be continued for
more than four weeks; since Bal. Code, § 1096, prohibiting continu-
ance for such length of time applies only to the act of March 10,
1891 (Laws 1891, p. 406), relating to drainage by cities of the second,
third, and fourth classes.

SAME—ASSESSMENTS FOR BENEFITS—VALIDITY—FINDING—SUFFI-
CIENCY.  A finding that a sewer was constructed almost solely for the
benefit of a hospital "and was not intended or expected to benefit,
nor did it prove of any benefit to the said premises of the plaintiff
up to the time of the trial," is insufficient to defeat the assessment
on the ground that it was not made according to benefits to the
property.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered July 3, 1908, upon findings in favor
of the plaintiff, after a trial on the merits before the court
without a jury, in an action to annul a local improvement
assessment and to enjoin its enforcement.   Reversed.

*G. E. Hamaker* (*Forney & Ponder*, of counsel), for appel-
lant.

*W. A. Reynolds*, for respondent.

RUDKIN, C. J.—This action was instituted by the plain-
tiff to annul a local improvement assessment for sewer pur-
poses, and to enjoin and restrain the defendant city and its
officers from taking any steps for its enforcement.   On the
23d day of December, 1907, the county assessor of Lewis

[1]Reported in 101 Pac. 841.

county, by direction of the city council of the defendant city, prepared and filed an assessment roll for the district, based on "the last general assessment of the land, *exclusive of improvements*, within said district for city purposes," as prescribed by chapter 27 of the Laws of 1903. According to this assessment roll, the nine lots owned by the plaintiff were valued at $200, and an aggregate assessment of $196.79 was imposed against them. The city council fixed January 6, 1908, as the date for hearing objections to the assessment roll, and notice of such hearing was duly published by the city clerk. The hearing was adjourned from time to time, until February 6, 1908, at which time the city council revised the roll and increased the aggregate assessment against the property of the plaintiff from $196.79 to $251.51. The court below held that the assessment was void, and gave judgment according to the prayer of the complaint. From this judgment, the city has appealed.

The cause comes before us for review on the findings of fact, conclusions of law, and decree, and to these we must look for error in the judgment. The conclusions of law assign three reasons for the invalidity of the assessment, and if these conclusions are erroneous, the judgment must be reversed, as there is no other ground upon which it can be sustained. The first conclusion of law was that the assessment was void because not based on the last general assessment for city purposes, as required by chapter 27 of the Laws of 1903. In the case of *Seattle Cedar Lumber Mfg. Co. v. Ballard*, 50 Wash. 123, 96 Pac. 956, we held that chapter 127 of the Laws of 1903 superseded chapter 27 of the Laws of 1903, enacted at the same session, as well as all prior laws on that subject, so that the first conclusion of law was erroneous, and this much the respondent concedes. Since the decision in the *Ballard* case, chapter 127 of the Laws of 1903 has been again superseded by chapter 70 of the Laws of 1907, under which the assessment in controversy was, or should have been, imposed, but the latter act does not change the act of 1903

in so far as the question under discussion is concerned.   Under both chapter 127 of the Laws of 1903 and chapter 70 of the Laws of 1907, the assessment is based upon benefits and not upon the assessed valuation.

The next contention is that the city council lost jurisdiction by continuing the hearing on the assessment roll from January 6 to February 6, under Bal. Code, § 1096 (P. C. § 3667), which provides that the time for hearing objections to the assessment roll in certain cases may be adjourned not exceeding in all four weeks.   Reference to the session laws will show that Bal. Code, § 1096, is § 7 of the act of March 10, 1891 (Laws of 1891, p. 406), entitled "An act to provide for the drainage of cities of the second, third, and fourth classes by the construction of sewers and drains." The assessment involved in this case was imposed under § 1 of the act of March 5, 1907 (Laws of 1907, p. 114), amending § 1 of the act of March 16, 1903 (Laws of 1903, p. 231), which in turn amended § 124 of the act of March 27, 1890 (Laws of 1889-90, p. 131; or Bal. Code, § 943; P. C. § 3495).   It will thus be seen that Bal. Code, § 1096, only relates to assessments levied under a particular act, and has no application to assessments levied under § 124 of the act of 1890, *supra*, or the several acts amendatory of that section. The conclusion that the city council lost jurisdiction by adjourning the hearing on the assessment roll for more than four weeks was, therefore, erroneous.

The only other objection urged against the assessment was based on the following finding of the court:

"That on or about the 21st day of October, 1907, the city council of the said city undertook to create a sewer district in said city, known and described as subsewer district No. 15, commencing on Alfred street near Cascade avenue in said city, and running from the place of beginning in an easterly and southerly direction on Alfred street, past the said premises of the plaintiff and what is known as the St. Helens hospital, which sewer was constructed almost solely for the use and benefit of said hospital, and was not intended or expected to

benefit nor did it prove of any benefit to the said premises of the plaintiff, up to the time of the trial, but the plaintiff with the majority of the property owners along the line of said sewer signed a petition, asking the city council of said city to provide for the location and construction of said sewer."

What was meant by the finding that the sewer had not proved of any benefit to the premises of the plaintiff up to the time of the trial is not entirely clear. The court may have concluded that there would be no benefit to the premises until the sewer was actually used in connection with the lots, and that the premises had not been connected with the sewer up to the time of the trial. But whatever may have been the court's conclusion or the reasons therefor, the finding is utterly insufficient to defeat the assessment. The law on the subject of special assessments for sewers is in a very unsatisfactory state. A reference to this and the *Ballard* case will show that the law relating to that subject has been changed at least eight times in seventeen years, and in many instances an act has been amended without the slightest reference to later conflicting acts on the same subject. It is little wonder, therefore, that courts and municipal officers find difficulty in determining what law shall apply to or govern in any individual case.

We are of the opinion, however, that the assessment in question was not void for any of the reasons assigned by the court or suggested by counsel, and the judgment is accordingly reversed, with directions to dismiss the action.

FULLERTON, CHADWICK, MORRIS, and GOSE, JJ., concur.