J. B. SMITH *et al.*, Respondents, v. HENRY TOBENER, Appellant.

Kansas City Court of Appeals, December 10, 1888

1. **Kansas City**: CHARTER OF: POWER TO PAVE STREETS A CONTINUING POWER. The power of the common council of Kansas City to pave the streets of said city is a continuing power under the provisions of its charter. (Laws of Mo. 1875, art. 3, sec. 1, p. 294; art. 8, sec. 1, p. 250; *Estes v. Owen*, 90 Mo. 113).

2. ———— : ———— : EFFECT OF REQUIREMENT OF PETITION. Improvements of the streets can be made at the expense of the property-holders only in the mode prescribed by the charter. But since the legislature could have dispensed entirely with a petition of the property-holders, if the charter provides what effect defects in and objections to the petition shall have, such defects and objections can only have that effect. The clause in this charter (Laws of Mo. 1875, art. 8, sec. 8, p. 254) reads: "No special tax bills shall be invalid or be affected by any defect in or objection to the petition." *Held* that, under this clause, the tax bills are not invalidated by defects in the petition.

3. ———— : ———— : APPEAL FROM JUDGMENT DENYING INJUNCTION: CASE ADJUDGED. Defendants in this case applied for an injunction in a suit to which the plaintiffs here were parties defendant, which was refused, from which judgment the defendants here appealed. The appeal did not have the effect to change the character of the judgment from a denial to the granting of the injunction; and the fact that an application has been made for an injunction in no wise affected the rights of the plaintiffs in this case.

4. ———— : ———— : SPECIAL MEETINGS OF COMMON COUNCIL. The provisions of the charter as to special sessions of the common council (Laws of Mo. 1875, art. 4, sec. 9, p. 210) authorized the common council, in this case, to act upon any ordinance for paving that portion of street mentioned in the mayor's message. Their action was not limited to the ordinance mentioned by the mayor, but extended over the subject-matter of said ordinance.

*Appeal from Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

Statement of case by the court.

This was an action by plaintiffs on special tax bills issued in their favor by the City of Kansas for the cost of paving Grand avenue, one of the streets of said city. The questions for determination here grew out of the action of the circuit court in striking out of the answer certain special defenses set up therein. Those defenses were as follows :

(1)   That Grand avenue was one of the principal commercial thoroughfares of said city ; that in the year 1869 said avenue, under an ordinance of said city, was well and substantially graded, constructed and paved to the established grade thereof, with macadam between Twelfth and Twentieth streets, at the expense and charge of the property-holders owning real estate fronting on said part of said avenue, amounting to about fifty thousand dollars, and that thereafter, and up to the time of the passage of the pretended ordinance, and the execution of the contract for the repaving thereof, said avenue was and could have been kept in good and substantial repair for all purposes at a reasonable cost and expense to said city.

(2) That on the second day of July, 1884, there was presented to the common council of said city a petition for the paving of said avenue, between Twelfth and Twentieth streets, with cedar blocks, seven inches long, set on a hydraulic cement concrete foundation nine inches in thickness, and at the same time remonstrances and objections in writing of a large number of property-holders owning real property fronting on said part of said avenue were duly presented to said common council ; that said petition did not have signed thereto the names of a majority of front feet of property owned by residents of said city and fronting on that part of said avenue proposed to be paved as aforesaid ; that thereupon an ordinance, number 27461, to pave Grand avenue from Twelfth to Twentieth streets in accordance with said petition, was introduced into said common council by one of the members thereof, and that said common

council illegally and without any authority therefor, and in direct violation of the provisions of the charter of said city in that regard, thereupon, without hearing said remonstrances and objections to the said petition and ordinance, referred said ordinance, with said petition and remonstrances and objections, to the street and alley committee of said council, composed of three members thereof, and to the city engineer of said city, for report at the next meeting of said common council; that on the eighteenth day of July, 1884, said committee reported back said ordinance to a meeting of said common council with the recommendation that the same do not pass; which said report was received by said council and filed, and said ordinance and petition, remonstrances and objections thereto, were then and there by said council, illegally and without any authority therefor, referred to certain members of said council only, the aldermen from the second ward of said city, and to said city engineer, who received the same, and that at the time of the passage of the pretended ordinance of said city under which plaintiff's tax bills in this action were issued, said petition, remonstrances, and objections, and said ordinance number 27461, were in the hands of said aldermen of said second ward and said city engineer, and had never been reported back to said common council or returned thereto; that said common council and the members thereof wilfully, illegally and arbitrarily refused to hear or to determine said objections to said petition or the remonstrances to the same; and said aldermen of said second ward refused to hear objections to said petition and ordinance, or to examine said objections, and that while said petition and objections and remonstrances were in the hands of said aldermen of said second ward, together with said ordinance number 27461, and were pending before said common council as aforesaid, the mayor of said city duly called a special session of said common council, for and on the fifteenth day of September, 1884, among other things to act upon the said petition to pave Grand avenue from Twelfth to Twentieth streets, and said

ordinance to pave Grand avenue from Twelfth to Twentieth streets, and the remonstrances and objections of said property-owners concerning the same ; that at said special meeting said council did not act upon said petition, remonstrances or objections, or said ordinance in any manner whatsoever, but illegally, arbitrarily and without any authority therefor, and in direct violation of the city charter of said city in that regard, did suffer and allow one of the members of said common council to present and introduce to and before said common council another and different petition, together with a document numbered 28248, purporting to be an ordinance to pave Grand avenue from Twelfth to Twentieth streets, and then and there did illegally, arbitrarily and without any authority therefor, pass said pretended ordinance to a third and final reading, and passed the same, which said pretended ordinance was afterwards presented to said mayor for his approval, and was not returned by said mayor to said common council within five days thereafter, Sundays excepted ; that said last-mentioned petition had not been signed by property-holders owning a majority of the front feet of property owned by residents of said city and fronting on said Grand avenue between Twelfth and Twentieth streets ; that the same was not duly published for five days according to law, prior to the presentation thereof to said common council ; that remonstrances and objections to said petition last aforesaid were duly made in writing and filed with said city clerk, and were before said common council prior to and at the time of the consideration and passage of said ordinance 28248, as aforesaid, and the attention of said common council was duly called to the same ; that said common council did not in any manner hear and determine such objections, or any of them, or of any of such remonstrances, nor did said common council, on the passage of such ordinance, find that said work had been petitioned for by a majority of the property-holders owning a majority of front feet fronting on said avenue between said Twelfth and Twentieth streets, and residents of said city ; nor had said

common council before it at said time, or at any time, any evidence that such was the fact, but said council, in the passage and consideration of said ordinance, illegally, arbitrarily, without any evidence thereof and contrary to the fact, passed said ordinance 28248, containing therein, at the time of its introduction and passage aforesaid, a false and fraudulent statement that said common council did find and declare that the work had been petitioned for and the petition published according to law, and that said petition so published was by the order of a majority of the front feet of the property owned by residents of the City of Kansas on said portion of Grand avenue to be paved as aforesaid, whereas, in truth and in fact, said common council utterly failed to examine said petition, and arbitrarily and wrongfully refused to hear or decide any or all of the objections and remonstrances thereto, notwithstanding the fact that the attention of said council had been specifically called to such objections and remonstrances then on file and before said common council by the mayor of said city and by the clerk of said council.

(3) That immediately after the expiration of the five days during which said pretended ordinance remained in the hands of the mayor of said city, M. L. Dennison and others, resident property-owners of property fronting on that part of said avenue proposed to be paved under said ordinance, on behalf of themselves and of other property-owners of property in like situation, including the defendant, commenced a suit in the circuit court of Jackson county against said Kansas City, the common council thereof, and said city engineer, to enjoin and restrain the execution of said ordinance, and to have the same declared and adjudged null and void, and that after the execution of the contract between said city and plaintiffs in this action, and before plaintiffs had laid down any of the pavement provided for by said ordinance and contract, and after plaintiffs had commenced work under the same, plaintiffs herein were duly made parties to said suit, and appeared in and to the same ; that on demurrer to the petition in said suit,

said injunction was refused by said circuit court, and said cause is now pending in the supreme court of this state on appeal from the judgment of said circuit court in said suit.

*G. F. Ballingal* and *Botsford & Williams*, for the appellant.

(1) The matters and things set forth and alleged in the special defense contained in appellant's answer stricken out by the court below, and the evidence offered by appellant and rejected by the court on the trial of the cause to show that the ordinance of the City of Kansas for the paving of part of Grand avenue at the expense of appellant and others owning property fronting thereon, was null and void, constituted a complete defense to the special tax bills issued thereon, and the court erred in striking out such special defense and in refusing to admit the evidence offered by appellant on the trial to establish the invalidity of such ordinance and to invalidate the special tax bill. Sess. Acts 1875, secs. 1, 8, pp. 250, 254.	(2) The power of the common council of the City of Kansas to create a lien upon the property of its citizens is founded solely on the provisions of the city charter, and that power must be exercised in the mode prescribed by the charter and no other. Such powers are to be construed strictly, and a refusal by the council to comply with the material and mandatory requirements of the charter in the consideration and passage of the ordinance for such paving, invalidates the ordinance and all proceedings under it. *Kiely v. Oppenheimer*, 55 Mo. 374 ; *Leach v. Cargill*, 60 Mo. 316 ; *St. Louis v. Franks*, 78 Mo. 41 ; *City v. Swope*, 79 Mo. 446 ; *Pavement Co. v. Painter*, 35 Cal. 699 ; Dillon Mun. Corp. [4 Ed.] sec. 769, *et seq.*, note.	(3) The common council had no power to cause the street to be paved unless a petition of a majority of the resident owners therefor had been presented to the council, and an ordinance passed without such petition is void. *St. Louis v. Franks*, 78 Mo. 41 ; *St. Louis v. Gleason*, 89 Mo. 67 ; *Mulligan v. Smith*, 59 Cal. 206 ; *Zeigler v.*

*Hopkins*, 117 U. S. p. 663 ; *Starr v. Burlingtan*, 45 Iowa, 87 ; 2 Dillon Mun. Corp. [4 Ed.] sec. 800 *et seq.*, note. (4) The declaration of the common council that such petition had been presented, and that it was published according to law, could only become conclusive when made by the council in the exercise of the power conferred upon it in the mode prescribed by the charter ; and the refusal of the council to hear and determine the objections to the petition before making such finding and declaration, renders the ordinance and all proceedings under it null and void.      *Clark v. Mitchel*, 64 Mo. 203 ; *City v. Richardson*, 76 Mo. 476 ; *Windsor v. McVeigh*, 93 U. S. 564 ; *Ragats v. Dubuque*, 4 Iowa, 343 ; *Granger v. Buffalo*, 6 Abb. N. C. [N. Y.] 238 ; *In re Ford*, 6 Lans. [N. Y.] 92 ; *People v. Rochester*, 21 Barb. [N. Y.] 656 ; *City v. Brevard*, 3 Pinck. [S. C.] 217 ; *Ireland v. City*, 51 Barb. [N. Y.] 414 ; *Sewall v. City*, 20 Minn. 511 ; *State v. District Court*, 29 Minn. 62 ; *State v. Road Comm'rs*, 41 N. J. Law, 83 ; *Butler v. Supervisors*, 26 Mich. 22 ; *Paul v. Detroit*, 32 Mich. 108 ; *Thomas v. Gains*, 35 Mich. 155 ; *Power's appeal*, 29 Mich. 504 ; *Philadelphia v. Miller*, 49 Pa. St. 440 ; *Patten v. Green*, 13 Cal. 325 ; *County v. Railroad*, 13 Fed. Rep. 722 ; *County v. Railroad*, 18 Fed. Rep. 385 ; *Brown v. Denver*, 7 Col. 305 ; *Gatch v. Des Moines*, 63 Iowa, 718 ; Cooley on Tax. [Ed. 1876] 266 and 267 and cases cited ; 1 Desty on Tax. 597, 598, 599 and cases cited. (5) If the finding and declaration of the common council is made conclusive by the statute without an opportunity to the property-owner injuriously affected thereby to be heard in opposition to such finding, as declared by the court below, the statute itself is unconstitutional and void.     Const. Mo., sec. 30, art. 2 ; *Abbott v. Lindenbower*, 42 Mo. 162 ; *Clark v. Mitchel*, 69 Mo. 627 ; Cooley Const. Lim. [5 Ed.] 453, 454 and cases ; Sedgwick on Stat. & Con. Law [Pom. Ed.] 138, 142 ; *Stuart v. Palmer*, 74 N. Y. 195, and cases cited. (6) The action of the common council at the special meeting in passing the ordinance not embraced in the mayor's call was illegal, and the ordinance is void.     Sess. Acts 1875, sec. 9, p. 211.

*Wash Adams* and *Lathrop & Smith*, for the respondents.

(1) The first special defense was properly stricken out. It proceeded upon the theory that the power of the common council to pave the streets of the city was not a continuing power. This theory finds no support in the law of this state. Acts 1875, art. 3, sec. 1, sub. 7, p. 204 ; art. 8, sec. 1, p. 250 ; *McCormack v. Patchin*, 53 Mo. 33 ; *Farrar v. St. Louis*, 80 Mo. 379, 392 ; *Estes v. Owen*, 90 Mo. 113. (2) It is competent for the legislature to authorize the common council to pave the streets and issue special tax bills against the abutting property in payment therefor, without any petition. Hence, the petition not being essential to the power to tax, it is within the province of the law-makers to provide that the finding of the common council upon the sufficiency of the petition shall be conclusive. Such being the provision in the charter of the City of Kansas, the second defense in the answer was irrelevant, and no error was committed in striking it out. Acts 1875, art. 8, sec. 8, pp. 254, 255 ; *Palmyra v. Morton*, 25 Mo. 593 ; *Giboney v. Cape Girardeau*, 58 Mo. 141 ; *Raley v. Gunn*, 76 Mo. 263, 271 ; *St. Louis v. Richeson*, 76 Mo. 470 ; *Farrar v. St. Louis*, 80 Mo. 379. In *Abbott v. Lindenbower*, 42 Mo. 162, the court says, on page 166 : "In minor matters, regarding the mode of exercising the power, there is no doubt that the legislature may alter the rules of evidence, or declare what effect certain facts or documents shall have when produced in evidence." See also *People v. Rochester*, 21 Barb. [N. Y.] 656 ; *In re Kiernan*, 62 N. Y. 457 ; *Buchan v. Broadwell*, 88 Mo. 31. This last case was transferred to the supreme court on the ground that it involved some constitutional questions. The decision is, therefore, an answer to defendant's claim that the charter provision is unconstitutional. (3) The fact that the common council, at its special meeting, did not act upon the original petition and ordinance for the paving of Grand avenue, but upon another petition and another ordinance for

doing the same work, is not a ground for defeating the
special tax bills issued in payment therefor. One of the
causes for which it was convened by the mayor was to
act upon the petition and ordinance for paving Grand
avenue and the objections thereto ; and inasmuch as its
action was confined to that subject-matter, whether it
acted upon one petition and ordinance and one set of
objections rather than another is wholly immaterial.
*School District* v. *Blakeslee,* 13 Conn. 227. (4) The
fourth defense, that an injunction suit attacking the
validity of the tax bills, which had come to an end in
the circuit court upon demurrer to the petition, was
pending on appeal in the supreme court, seems to be
abandoned, as no special mention of it is made in appel-
lant's brief. It is sufficient to say, in regard to it, that
a pending appeal from a judgment denying an injunc-
tion is no bar to the maintenance of a suit upon the
cause of action sought to be enjoined. 2 High on Inj.
[2 Ed.] secs. 1698, 1709 ; *Troupe* v. *Eads,* 42 Iowa, 552.

HALL, J.—I. The first special defense was prop-
erly stricken out. It was based upon the theory that
the power of the common council of Kansas City to
pave the streets of said city is not a continuing power.
That theory is erroneous ; the power is a continuing
power, under the provisions of the charter. Laws of
1875, art. 3, sec. 1, sub. 7, p. 204, and art. 8, sec. 1, p.
250 ; *McCormick* v. *Patchin,* 53 Mo. 33 ; *Farrar* v. *St.
Louis,* 80 Mo. 379, 392; *Estes* v. *Owen,* 90 Mo. 113.

II. The second special defense was based upon
certain provisions of the charter of Kansas City. By
the charter it is provided : Section 1 : "That no street,
avenue, alley, or public highway, or any part thereof,
shall be graded, constructed, reconstructed, paved, or
macadamized at the expense of property-holders own-
ing the property fronting on such street, avenue, alley,
or public highway, unless a majority of the real estate
owners, in front feet, of such street, avenue, alley, or
public highway, or part thereof proposed to be graded,

constructed, reconstructed, paved or macadamized, and are residents of the City of Kansas, shall petition the common council to have such street, avenue, alley, or public highway, graded, constructed, reconstructed, paved, or macadamized." Laws of 1875, art. 8, sec. 1, p. 250.

The other provisions of the charter material to the second special defense are as follows : Sec. 8 : "When it is proposed to grade, construct, reconstruct, pave, * * * any street, sidewalk, * * * and pay therefor in special tax bills, and under existing laws, a petition therefor is required. A petition shall be sufficient if signed by property-holders owning a majority of the front feet of property owned by residents of the city and fronting on the street, sidewalk, alley, avenue, or public highway, or part thereof proposed to be improved. When a petition has been signed the same may be published for five days in some newspaper printed in the city, and thereafter the common council shall hear and decide on all objections thereto, if any. If the common council shall, in the ordinance cause to be done the work petitioned for, find and declare that the work has been petitioned for, and the petition published according to law, such finding and declaration shall be conclusive for all purposes ; and no special tax bills shall be invalid or be affected by any defect in or objection to the petition." Laws of 1875, art. 8, sec. 8, p. 254.

It is conceded that the legislature could have lawfully conferred upon the common council of the city the power to improve the streets at the cost of the abutting property-holders without any petition ; but since a petition is required, what effect, if any, have defects in or objections to such petition, upon the tax bills in an action upon them ? Improvements of the streets can be made at the expense of the property-holders only in the mode prescribed in the charter. But since the legislature could have dispensed entirely with a petition of the property-holders, if the charter provides, what effect, defects in and objections to the petition shall

have, such defects and objections can have only that effect.

The question going to the bottom of the second special defense is, what does the concluding clause of section 8, of the charter, as above quoted, mean? That clause reads: "And no special tax bills shall be invalid or be affected by any defect in or objection to the petition." If these words are to be considered as standing alone and are to be construed by themselves, their meaning is clear and is not open to discussion; it is what the words import and the second special defense is not maintainable, since that defense seeks to invalidate the special tax bills in suit by reason of certain defects in the petition of the property-holders. The second special defense is based upon a construction that so connects the concluding clause with the preceding words of the sentence, of which it is a part, as to make it depend for its force and effect upon the finding and declaration by the common council. This defense is, in other words, based upon a construction which not only makes the said finding and declaration conclusive for all purposes of the fact that the work has been petitioned for, and the petition published, according to law, but also causes said finding and declaration to protect the special tax bills from attack on account of defects in, and objections to, the petition. But we do not so understand the meaning or effect of said clause. The section first declares what shall be a sufficient petition; it then provides that the petition shall be published for five days in some newspaper printed in the city; it then provides that the common council shall hear and decide all objections to the petition, if there be any; it then provides that if the council find and declare in the ordinance, ordering the work to be done, that the work has been petitioned for, and the petition published, according to law, such finding and declaration shall be conclusive for all purposes. Then follows the concluding clause. That clause has to do, not with a petition free from defects and objections, and conclusively presumed to have been made according to law, but with a petition

containing defects and open to objections; and it
declares that such defects and objections shall not inval-
idate or affect special tax bills. That clause does not
provide for all purposes, but for a single purpose; it
does not treat of a perfect, but of a defective petition;
it does not declare what shall be deemed a sufficient
petition, but it limits the effect of a defective petition;
and there is no more connection between the preceding
portion of the sentence and that clause than if the lat-
ter were an independent sentence. The preceding por-
tion of the sentence had already, by making the finding
and declaration of the council conclusive for all pur-
poses, given to such finding and declaration as great
effect as words could give; they could not be more than
conclusive, and they could not be conclusive for more
than all purposes. There was no need, therefore, of
further words except for the purpose of expressing
another principle. Having provided in full what effect
the finding and declaration by the council should have
in the preceding portion of the sentence, the charter in
the last clause provides for a case without reference to
such finding and declaration, and this provision in no
manner depends upon or has any thing to do with, such
finding and declaration. Where such finding and dec-
laration have been made in the mode prescribed by the
preceding portion of the sentence they are conclusive of
the sufficiency of the petition, but where they have not
thus been made, or where they have not been made at
all, the sufficiency of the petition is an open question.
For this reason was enacted the concluding clause of
the sentence—treating of defects in, and objections to,
the petition. That clause means just what it says, that
no special tax bills shall be invalid by reason of, or
affected by, any defect in, or objection to, the petition.
It matters not whether there have been or have not
been the finding and declaration in the ordinance order-
ing the work to be done, provided for in the preceding
portion of the sentence. If such finding and declara-
tion have been made in the prescribed mode, the petition
is without defect, and not open to objection, and there

is nothing for the concluding clause to act upon ; but if the petition is for any reason to be deemed defective, then that clause takes effect and prevents the defect, whatever it may be, from in any manner affecting the tax bills. This construction, we have seen, follows from the language of the section, it is also supported by the punctuation of the section, which separates the concluding clause from the preceding portion of the sentence by a semicolon. . Punctuation is entitled to very little weight in the construction of a statute, but in this case the punctuation of the statute bears out the construction which the language of the statute requires in order to give meaning and effect to every part thereof. A different punctuation would not have given a different construction of the statute, but the punctuation, being as it is, strengthens us in the opinion that we have correctly construed the statute. This was an action on special tax bills, the second special defense was based on certain alleged defects in the petition of the property-holders ; those defects under the charter of the city could in no way affect the tax bills in suit ; for this reason the defense was untenable and was properly stricken out. .

III.    The third special defense was properly stricken out.   It was based upon the appeal by the defendant from the judgment of the circuit court refusing an injunction in a suit to which the plaintiffs here were parties defendant.   The judgment of the circuit court denied the injunction, and the appeal from the judgment did not have the effect to change the character of the judgment from the denial to the granting of the injunction.·   The injunction was denied and the fact that an application had been made for the injunction in no wise affected the rights of the plaintiffs in this case. This case is to be determined as if there had been no such application.

IV.    There remains for consideration that portion of the second special defense attacking the validity of the ordinance ordering the work to be done, on the

ground that the common council had no power to consider said ordinance at a special meeting at which the council enacted it. The charter provides : "Whenever a special session of the common council shall have been called by the mayor, he shall state to them, when assembled, the cause or causes for which they have convened, and their action shall be confined to such cause or causes." Laws of 1875, art. 4, sec. 9, p. 210. The answer alleged that the special meeting of the common council was called by the mayor for the purpose among other things of acting upon special ordinance number 27461, an ordinance to pave Grand avenue from Twelfth street to Twentieth street, and that the common council, instead of acting upon said ordinance, unlawfully considered, passed and enacted another ordinance, ordinance number 28248, which was the ordinance pleaded in the petition, and was an ordinance to pave Grand avenue from Twelfth street to Twentieth street. At this special session, the common council had the power, we think, to act upon any ordinance for paving that portion of Grand avenue, described in the first ordinance. Their action was not limited to the ordinance mentioned by the mayor, but extended over the subject-matter of said ordinance. The cause for which the common council was called in session was the paving of Grand avenue, the ordinance mentioned by the mayor was only a means of accomplishing the cause, if the council should determine in favor of affirmative action.

Judgment affirmed. ELLISON, P. J., concurs ; RAMSAY, J., concurs in the result.