[No. 7872. Decided July 15, 1909.]

THE CITY OF CHEHALIS, *Appellant*, v. A. S. CORY *et al.*, *Respondents.*[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS—ASSESSMENTS—INSUFFICIENT ESTIMATES—EFFECT. The fact that a municipal improvement was estimated to cost only $6,000, does not of itself make an assessment for nearly $15,000 void for want of jurisdiction to make it, or because it operated as a fraud upon the property owners, in view of a statute requiring the court to enforce the lien "to the extent of the proper proportion of the value of the work," according to the benefits received, regardless of irregularities or defects; since the failure to make a proper estimate was a mere defect in the proceeding, and not a fraud upon the property owners.

Appeal from a judgment of the superior court for Lewis county, Reid, J., entered September 21, 1908, dismissing an action to foreclose a local assessment lien, upon sustaining objections to the jurisdiction of the court and the sufficiency of the complaint. Reversed.

*G. E. Hamaker* and *Forney & Ponder*, for appellant, cited: 17 Am. & Eng. Ency. Law, pp. 1041, 1042; Brown, Jurisdiction (2d ed.), p. 7; Laws of 1907, p. 114; *Lewis County v. Gordon*, 20 Wash. 80, 54 Pac. 779; *Auditor General v. Chase*, 132 Mich. 630, 94 N. W. 178; *State, Kohler, pros. v. Guttenberg*, 38 N. J. L. 419; *In re Board etc.*, 20 N. Y. Supp. 563; *Dodsworth v. Cincinnati*, 18 Ohio Cir. Ct. 288, 10 Ohio Cir. Dec. 177.

*Ellis, Fletcher & Evans* and *S. C. White*, for respondents, cited: *Spokane Falls v. Browne*, 3 Wash. 84, 27 Pac. 1077; *Buckley v. Tacoma*, 9 Wash. 253, 37 Pac. 441; *North Yakima v. Scudder*, 41 Wash. 15, 82 Pac. 1022; *Kline v. Tacoma*, 11 Wash. 193, 39 Pac. 453; *Monk v. Ballard*, 42 Wash. 35, 84 Pac. 397; *Sanderson v. Ballard*, 42 Wash. 697, 84 Pac. 399; *Howell v. Tacoma*, 3 Wash. 711, 29 Pac. 447, 28 Am. St. 83; *Griggs v. Tacoma*, 3 Wash. 785, 29 Pac. 449; *Van-*

[1]Reported in 102 Pac. 1027; 104 Pac. 768.

*couver v. Wintler*, 8 Wash. 378, 36 Pac. 278, 685; *New Whatcom v. Bellingham Bay Imp. Co.*, 10 Wash. 378, 38 Pac. 1024.

FULLERTON, J.—The appellant, the city of Chehalis, sought by this action to foreclose an asesssment lien levied by the city upon certain lots and blocks therein, for the purpose of paying the cost of improving a certain street upon which the property charged with the lien abutted. In its complaint the city averred facts tending to show a substantial compliance with the provisions of the statute relating to assessments for local improvements, and tending to show that it had a valid lien on each separate lot described to the amount of the charge against it. It did appear, however, from the complaint, that the estimated cost of the improvement as made by the city council was $6,000, while the contract as let for the improvement called for an expenditure of $14,812.50, or practically two and one-half times the amount of the estimate.

After the service of the summons and complaint upon them, a number of the property holders appeared and demurred to the complaint, which being overruled, they answered, putting in issue many of the allegations of the complaint and setting up some ten separate defenses. The averments in these defenses were put in issue by a reply, and on the issues thus made the cause was called for trial before the court. At the commencement of the trial the defendants interposed an objection to the jurisdiction of the court, and moved for judgment of dismissal on the grounds, among others, that the complaint showed upon its face that no cause of action existed against the defendants in favor of the plaintiff; and that the complaint showed upon its face that the city council of the city of. Chehalis had never acquired jurisdiction to make any improvement on the street mentioned or to levy an assessment on the property abutting thereon. The court thereupon sustained the objections, and

entered a judgment dismissing the action as to each of the answering defendants. From the judgment so entered the city appeals.

The statute under which the city proceeded provides, in part:

"The city council shall before grading, paving or other improvement of any street or alley, the cost of which is to be levied and assessed upon the property benefited, first pass a resolution or ordinance declaring its intention to make such improvement and stating in such resolution or ordinance the name of the street or alley to be improved, the points between which the said improvement is made, and the estimate of the cost of the same, and the cost of the same is to be assessed against the property abutting (and included in the assessment district herein provided) on such street proposed to be improved, and shall fix a time not less than ten days in which protests against such proposed improvement may be filed in the office of the city clerk. It shall be the duty of such clerk to cause such resolution to be published in the official newspaper of the city in at least two consecutive issues before the time fixed in such resolution for filing such protest, and affidavit of such publication shall be filed on or before the time fixed for such filing. If protest against the proposed improvement by the owners of more than two-thirds of the front feet of lots and lands abutting on such proposed improvement and included in the assessment district therein proposed, be fixed [filed] on or before the date fixed for such filing, the council shall not proceed further with the work unless six members of said council shall vote to proceed with such work. If no such protest is filed, or if such protest is filed and six councilmen shall vote to proceed with such work, the council shall at its next regular meeting, proceed to consider the same, and shall then or at a subsequent time proceed to enact an ordinance for such improvement. . . . Such ordinance shall provide that such improvement shall be made, and that the cost and expense thereof shall be taxed and assessed upon all the property in such local improvement district, which cost shall be assessed in proportion to the number of feet of such land and lots fronting thereon, and included in said improvement district, and in proportion to the benefits derived by said im-

provement. . . . Whenever any expenses or costs of
work shall have been assessed on any lands, the amount of
said expenses shall become a lien upon said lands, which
shall take precedence of all other liens, except general tax
liens, and which may be foreclosed in accordance with the
provisions of the code of civil procedure. Said suit shall be
in the name of the city of ————— (naming it) as plain-
tiff. And in any such proceedings where the court trying
the same shall be satisfied that the work has been done or
material furnished, which according to the true intent of
the act would be properly chargeable upon a lot or land
through or by which the street, alley or highway improved
or repaired may pass, a recovery shall be permitted or
charge enforced to the extent of the proper proportion of
the value of the work or material which would be charge-
able on such lot or land notwithstanding any informalities,
irregularities or defects in any of the proceedings of such
municipal corporation or its officers." Pierce's Code, § 3616
(Laws 1903, p. 231).

The trial judge sustained the objection of the property
holders and dismissed the proceeding on the ground that
the discrepancy between the estimated cost of the improve-
ment and its actual cost was so great as to amount to a
fraud upon the property holders whose property it was pro-
posed to assess. The learned judge argued that a property
holder might be perfectly willing to submit to an assess-
ment for the improvement of a street which was to cost only
$6,000 while he might object bitterly to one costing two and
a half times that sum, and that to give notice of an improve-
ment to cost only the first sum named and then to levy for
the cost of the improvement a grossly excessive sum was
virtually an assessment without notice, and a denial of the
right of protest given by the statute.

But forceful as this reasoning is, we do not think it con-
clusive against the right of the city to foreclose the lien.
The fact that the city in the original resolution under-
estimated the cost of the work it contemplated doing does
not leave it without jurisdiction to levy an assessment in

13—54 WASH.

some amount on the abutting property benefited. It may be that the property owners, by showing that they were misled by the underestimate, are entitled to have their assessments reduced, in the language of the statute, "to the extent of the proper proportion of the value of the work," but this is the extent of their rights. Under the express provisions of the statute, the court must enforce the lien to this extent notwithstanding informalities, irregularities, or defects in the proceedings, and the failure of the city council to make an accurate estimate of the cost of the work was but a defect in the proceedings.

The case of *Buckley v. Tacoma*, 9 Wash. 253, 37 Pac. 441, is not in point. That case was based on the principle that certain provisions of the city charter of the city of Tacoma which conferred jurisdiction on the council had not been complied with. Here no jurisdictional requisite was omitted. There were defects in the proceedings which may or may not affect the amount of the levy, but none such as require a dismissal of the proceedings as an entirety.

The judgment appealed from is reversed, and the cause remanded with instructions to reinstate the same, and proceed to a trial upon the issues involved.

RUDKIN, C. J., CHADWICK, GOSE, DUNBAR, MOUNT, and CROW, JJ., concur.

## ON PETITION FOR REHEARING.

[*En Banc.*   November 2, 1909.]

CHADWICK, J.—A petition for a rehearing of this case has been filed, in which it was urged that the court erred in not holding the special assessment void. Many authorities are cited to sustain the contention of the respondents that the council cannot, by resolution and without notice to the property owner, provide for an assessment, or let a contract in excess of the amount of the estimated cost, of which sum the property owner has had due notice. We acknowledge it to be the general rule that the council is bound by the amount

of the estimated cost of a special improvement, and cannot, without proper notice to the property owner, provide for the expenditure of a greater sum. But in our judgment the law of 1903, p. 231, is controlling. The statute referred to is quoted in the main opinion, but in aid of our present argument, the following is apropos:

"And in any such proceedings where the court trying the same shall be satisfied that the work has been done or material furnished, which according to the true intent of the act would be properly chargeable upon a lot or land through or by which the street, alley or highway improved or repaired may pass, a recovery shall be permitted or charge enforced to the extent of the proper proportion of the value of the work or material which would be chargeable on such lot or land notwithstanding any informalities, irregularities or defects in any of the proceedings of such municipal corporation or its officers."

It will be seen that it was the evident intent of the legislature to so frame the law that property which had received the lawful benefit of an improvement should meet the cost thereof in such an amount as, according to the true intent and meaning of the act, would be properly chargeable against it. In the case at bar, the council had jurisdiction to levy an assessment not exceeding $6,000; beyond this it could not go without notice. But the fact that it did so, does not prevent a levy for the full amount of the original estimate; for, by the very terms of the act, the jurisdiction of the council is preserved, to the end that a recovery may be had to the limit of compliance, disregarding all informalities, irregularities, or defects in the proceedings leading up to the final assessment.

It is also urged that, if it was the intention of the court to hold that the assessment should be limited to the amount of $6,000 on the whole district affected, it was not made clear by our former opinion. We had supposed that this followed as a logical deduction from our reasoning. If it does not, it may now be understood that we hold that the assessment

made by the city of Chehalis was not avoided by the fact that the cost of the work was $14,812.50, whereas the cost, as estimated in the original notice, was but $6,000; that the act of the council in so proceeding was a mere irregularity, and to the extent of the original estimate, or $6,000, it has full power to levy upon each lot or tract affected its proper proportion of the cost according to the true intent and meaning of the law.

The petition for rehearing is denied.

FULLERTON, MOUNT, GOSE, and CROW, JJ., concur.