[No. 8921. Department One. December 21, 1910.]

S.  SHRYOCK, *Appellant*, v. JOHN HANNENEN *et al.,*
                    *Respondents.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—LOCAL ASSESSMENTS—DESCRIPTION OF LOTS. A local assessment ordinance for street improvements sufficiently describes the lots to be assessed as all the lots and land abutting on the designated portions of the street, to the depth of 120 feet, without giving the block and lot numbers.

SAME—IRREGULAR BLOCK. A local assessment for street improvements on abutting property to the depth of 120 feet is properly limited to that portion of an irregular block which is within 120 feet of the street.

SAME—UNPLATTED LAND. An irregular block not platted into lots, and used for railroad purposes is properly assessed for local improvements as unplatted land.

SAME—DISTRICTS—PARTIES ENTITLED TO OBJECT. Abutting owners within an assessment district cannot complain that the district improperly included the lands of others not subject to the assessment.

SAME—INEQUALITIES—BENEFITS. Inequalities of a local assessment upon lands similarly situated will not avoid the assessment if the record does not show that the differences were arbitrary, or that the property assessed the highest did not receive a greater benefit.

SAME—COSTS. The reasonable cost of preliminary surveys and advertising may be included in a local assessment.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered December 21, 1909, upon findings in favor of the defendants, after a trial on the merits before

¹Reported in 112 Pac. 377.

the court without a jury, in an action to foreclose liens for local assessments levied to pay the cost of a public improvement. Reversed.

*John C. Hogan,* for appellant.

*J. C. Cross* and *A. Emerson Cross,* for respondents.

FULLERTON, J.—On May 16, 1906, certain persons owning real property abutting upon Front and Marion streets in the city of Aberdeen petitioned the city council of that city to improve the same, at the expense of the abutting property owners, by laying a sixteen-foot plank roadway in the center thereof between certain designated points. Acting on the request of the petition, the city council passed a resolution of intention to improve the street between the points named and in the manner designated, fixed a day for hearing protests against the same, and caused notice to be given thereof as required by statute. On the day of the hearing, no protests being filed, the city council passed an ordinance directing the work to be done. The work was thereupon let to appellant, he being the lowest bidder therefor, who completed it to the satisfaction of the city, whereupon the property benefited was duly assessed to pay the costs thereof. The respondents failed to pay their assessments, and certificates of delinquency against the several parcels of land owned by them were issued to the appellant. This action was brought to foreclose the certificates. The action resulted in a judgment denying the appellant's right to foreclose the certificates, and this appeal was taken therefrom.

In its findings of fact the court recited a number of objections to the proceedings which were seemingly thought fatal to the appellant's right to recover, but many of these were mere irregularities not affecting the merits of the assessment, and we shall notice only these objections which the respondents rely upon in this court as being fatal to the right of recovery.

The first of these is that the resolution of intention to improve the street, and the ordinance creating the improvement district, do not sufficiently describe the property it is proposed to assess to pay the costs of the improvement. The statute under which the city council proceeded (Laws 1903, p. 231, 232), seems not to require any description of the property proposed to be assessed in the resolution of intention to improve the street, and the requirement for the ordinance establishing the improvement district is that it shall include "all property fronting on the street to be improved between the points named in the resolution to a distance back from such street, if platted into blocks and lots, 120 feet; provided the block is 240 feet or more in length, and if less than 240 feet in length, then to the center of the block; if platted only in blocks, to the center of each block; and if not platted, to the distance of one hundred and twenty feet." The resolution of intention, and the ordinance creating the local improvement district, after fixing the termination of the proposed improvement both on Front and Marion streets, provided for assessment of "all of the lots, lands and parcels of land fronting and abutting upon said Front and Marion streets between the points herein mentioned as the terminals of said improvement, and upon each side thereof to a distance back from said street of one hundred and twenty (120) feet."

This, we think, is a sufficient description to comply with the statute. It clearly marks the boundaries of the land proposed to be assessed, and nothing would be added to its definiteness by describing the land included within such boundaries by the number of the lots and blocks as they appear on the recorded plats. The purpose of the description is notice, and certainly any property holder owning property abutting upon or adjacent to the streets described could know definitely from the description given whether any of his property was to be assessed for the proposed improvement.

It is contended also that the ordinance establishing the

assessment district is void because it omits property required by the statute to be included therein. Lying westerly of Front street is an irregular shaped tract which one of the witnesses testified was platted into a block known as block C. This tract was not platted into lots, and the respondents contend that, under the statute above cited, it should have been assessed to its center regardless of its length or width, and that in fact it was not so assessed. The block is not shown on any of the plats introduced in evidence, and consequently it is impossible to tell what its actual dimensions are. A witness testified, however, that its average width was 200 feet. If this be true, and the city assessed it for a width of 120 feet, then clearly no property was omitted from the roll that ought to have been included therein. But we think the tract was properly assessed as unplatted land. It formed a part of a railway company's right of way, and has upon it not only the track of the main line, but numerous spur tracks, and its platting seems to have been rather for the purpose of designation than for commercial purposes. It was proper therefore to assess it back from the streets for a distance of 120 feet.

It is contended further that both the resolution and ordinance are void for the reason that the streets described are nowhere stated to be within the state of Washington. But they show that the streets are within the city of Aberdeen, and this is a sufficient description in that respect. Moreover, the description would be sufficient without even naming the city, on the principle that it is presumed that the city council acted within its power. *Stanton v. Chicago*, 154 Ill. 23, 39 N. E. 987.

A further objection is that the assessment roll includes property not subject to assessment under the statute. This objection would perhaps be valid were the property so included the property of these objectors, but such was not the fact. Property of other persons not subject to assessment was perhaps included in the assessment roll, but the owners

paid the assessment without objection. Surely the respondents cannot avail themselves of the fact to avoid the assessment upon their own property which is concededly within the assessment district.

The respondents object further that the assessment was not equal or uniform, that certain property was assessed at a higher rate than was other property of like value receiving the same benefits, and that certain expense charges were added to the cost of the improvement and included in the assessment roll which ought not to have been so included. But we find no merit in these objections. While it is true that certain property was assessed at a higher rate than was certain other property somewhat similarly situated, the record does not show that the differences were made arbitrarily, or that the property assessed at the higher valuation did not receive a greater benefit from the improvement than did the property charged with the lesser burden. All presumptions are in favor of the regularity of the assessment proceedings. Errors or mistakes therein, in order to avail an objector, must be shown affirmatively. The expenses objected to were the costs of making the preliminary surveys and estimates, and the costs of advertising. These, when reasonable, may be properly charged as part of the costs of the improvement, and there is no evidence here that they were not reasonable charges.

The judgment is reversed, and the cause remanded with instructions to enter judgment foreclosing the several certificates of delinquency.

RUDKIN, C. J., PARKER, MOUNT, and GOSE, JJ., concur.