[No. 9550. Department Two. August 1, 1911.]

THE· CITY OF CHEHALIS, *Appellant*, v. A. S. CORY *et al.*, *Respondents*.[1]

APPEAL—DECISION—LAW OF CASE. Upon a retrial after remittitur, the decision of the supreme court becomes the law of the case, although the opinion was elaborated upon the denial of a petition for rehearing without an opportunity to be heard thereon.

MUNICIPAL CORPORATIONS — IMPROVEMENTS — ASSESSMENTS — DEFENSES—ESTOPPEL. Where jurisdiction to levy an assessment was limited to $6,000, acquiescence therein does not estop the property owners from defending against an assessment for a larger amount.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered October 29, 1910, foreclosing local assessment liens against certain defendants in amounts tendered by them into court, and against all other defendants at the same rate. Affirmed.

*Forney & Ponder* and *C. A. Studebaker*, for appellant.
*Fletcher & Evans* and *S. C. White*, for respondents.

CROW, J.—This action to foreclose a special street assessment has heretofore been in this court. A statement of the issues may be found in our original opinion and opinion on petition for rehearing, *Chehalis v. Cory*, 54 Wash. 190, 102 Pac. 1027, 104 Pac. 768. After remittitur, it was made to appear to the trial court that nearly all of the defendants

[1]Reported in 116 Pac. 875.

had severally paid into court, in satisfaction of the liens claimed on their separate tracts, sums of money bearing the same ratio to the assessment levied that $6,000 bears to $14,812.50, and that they offered to confess judgment therefor, with costs to be taxed. Thereupon the trial court entered final decree and order of foreclosure against them in the amounts tendered, and also against all other defendants, at the same rate. From this decree, the plaintiff has appealed.

Several assignments of error are presented, by which it is contended that the trial judge erred in rejecting evidence offered and in entering the final decree. The former opinions determined the law of this case, which was clearly expressed in the following language used by this court in denying the petition for rehearing:

"It will be seen that it was the evident intent of the legislature to so frame the law that property which had received the lawful benefit of an improvement should meet the cost thereof in such an amount as, according to the true intent and meaning of the act, would be properly chargeable against it. In the case at bar, the council had jurisdiction to levy an assessment not exceeding $6,000; beyond this it could not go without notice. But the fact that it did so does not prevent a levy for the full amount of the original estimate; for, by the very terms of the act, the jurisdiction of the council is preserved, to the end that a recovery may be had to the limit of compliance, disregarding all informalities, irregularities, or defects in the proceedings leading up to the final assessment. It is also urged that, if it was the intention of the court to hold that the assessment should be limited to the amount of $6,000 on the whole district affected, it was not made clear by our former opinion. We had supposed that this followed as a logical deduction from our reasoning. If it does not, it may now be understood that we hold that the assessment made by the city of Chehalis was not avoided by the fact that the cost of the work was $14,812.50, whereas the cost, as estimated in the original notice, was but $6,000; that the act of the council in so proceeding was a mere irregularity, and to the extent of the original estimate, or $6,000, it has full power to levy upon each lot or tract

affected its proper proportion of the cost according to the true intent and meaning of the law."

Appellant complains that the petition for rehearing was not served upon it, no service being required under the practice; that it had no opportunity to be heard on the questions therein raised; that although the opinion on rehearing denied the petition, it announces principles of law not contained in the original opinion; that no argument or briefs were presented on behalf of the appellant; and that it was never accorded any hearing. The opinion on rehearing only elaborated the one theretofore filed. In any event, appellant has on this appeal advanced its arguments and authorities on the only question it now claims was presented and discussed in the petition for rehearing; that is, whether the authority of the city to levy and collect an assessment for this particular improvement should be limited to its original estimate of $6,000. Having carefully considered on this appeal all arguments and authority now presented by appellant, our conclusion is that we must adhere to our former rulings as announced in the original opinion, and also in the opinion denying the petition for a rehearing.

Appellant's only remaining contention is, that the trial court erred in rejecting its offer of evidence to show that the respondents should by their actions be equitably estopped from defending against foreclosure of the alleged liens. We find no error in this regard. If the authority of the city to levy and collect the assessment was limited to $6,000, appellant and its contractor were presumed to have known that fact when they contracted for the improvement, and when appellant attempted to levy the larger assessment. They could not, and did not, rely upon subsequent acts of the respondents, when they entered into the contract, and jurisdiction to make a larger assessment should not be now held to have been conferred upon appellant in the manner urged.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, MORRIS, and CHADWICK, JJ., concur.