[No. 9702. Department Two. April 10, 1912.]

## C. L. COLLINS et al., *Appellants*, v. THE CITY OF ELLENSBURG et al., *Respondents*.[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS — PROCEEDINGS — ORDINANCE—SUFFICIENCY. A sewer ordinance declaring that the improvement was for the especial and exclusive use of property abutting upon and approximate to the designated streets and alleys, by reference to which the limits of the district were fixed, and declaring that the cost would be assessed against the property benefited, is equivalent to a declaration that the property abutting and approximate was the property benefited, within the requisites of Rem. & Bal. Code, § 7714; and a statement that each lot will be assessed $60 may be rejected as surplusage.

SAME—PETITION—JURISDICTION — IRREGULARITIES — WAIVER OF OBJECTION. Under Rem. & Bal. Code, § 7713, providing that a petition of one-fourth of the property owners may be filed with the city

[1]Reported in 122 Pac. 1010.

council for the construction of a sewer, the petition is not a juris-
dictional prerequisite, and the lack of a petition is a mere irregu-
larity that is waived by failure to protest before the city council, or
is immaterial under Id., § 7716, allowing a recovery for the propor-
tion of the value of the work properly chargeable upon any lot,
notwithstanding any irregularity or defect in the proceedings.

SAME—SPECIFICATIONS. The same is true of the lack of plans
and specifications required to be filed by Rem. & Bál. Code, § 7714.

SAME—IMPROVEMENTS—ASSESSMENTS — PROPERTY INCLUDED. The
wrongful inclusion and assessment of property not mentioned in the
preliminary proceedings for sewers is not ground for setting aside
the assessment upon other property, where the cost of the work done
on the sewers for such property can be segregated and does not in-
crease the assessment upon the other property.

MUNICIPAL CORPORATIONS — IMPROVEMENTS — AMOUNT OF ASSESS-
MENTS—EXCEEDING PUBLISHED ESTIMATES. Under Rem. & Bal. Code,
§ 7714, providing for the preliminary publication of an estimate of
the cost of a proposed sewer, fixing a time for the hearing of pro-
tests thereon, the city council is estopped to levy an assessment ex-
ceeding the estimated cost, as the property owner has a right to
rely on the published notice.

Appeal from a judgment of the superior court for Kittitas
county, Kauffman, J., entered April 21, 1911, upon sustain-
ing a demurrer to the complaint, dismissing an action for an
injunction. Reversed.

*A. L. Slemmons,* for appellants.

*John H. McDaniels,* for respondents.

ELLIS, J.—Action to enjoin the city of Ellensburg, a
municipal corporation of the third class, from collecting a
special tax or assessment, levied for the purpose of paying
the cost of constructing a sewer. The trial court sustained
a demurrer to the complaint. The plaintiffs electing to
stand upon the complaint, the court entered a judgment dis-
missing the action. Certain of the plaintiffs have appealed.

The improvement consisted of the construction of an un-

derground sewer in the alleys bisecting blocks numbered and relatively located as follows:

The complaint alleges the passage by the city council and publication of three ordinances, providing for this improvement and making the assessment therefor. These ordinances are attached as exhibits and made parts of the complaint. Ordinance No. 478, passed and approved September 28, 1909, and published September 29, 1909, declared and gave notice of the city's intention to construct a sewer from Fifth street to Second street, along each of the alleys bisecting all of the above numbered blocks, excepting block 7, which was not mentioned. It described the general character of the proposed improvement as the laying of a twelve-inch sewer pipe in ditches at a proper depth (about nine feet) to properly drain the property to be benefited, and "in accordance with the plans and specifications of the city engineer now on file with the said city council." It declared that "the estimated cost of said improvement is $6,000, which shall be assessed against the property benefited thereby, and that the cost to be assessed against each lot will be $60." It stated that the improvement is to be "for the especial and exclusive use of the property abutting upon and approximate to the

streets and alleys sought to be improved." It fixed October 18, 1909, at 7:30 o'clock p. m., as the time on or before which protests against the proposed improvement might be filed with the city clerk.

On October 18, 1909, Ordinance No. 488 was passed, creating an improvement district including all of the above mentioned blocks excepting block 7, providing for the improvement, and declaring,

"That the costs and expenses thereof, including the expenses of survey, plans and specifications by the city engineer, shall be assessed, and is hereby assessed, upon all of the property in said improvement district, by a special tax upon said property, levied in accordance with the last general assessment of said lands within said district for city purposes, exclusive of all improvements now existing thereon, and not exceeding the benefits derived from said improvements."

It is alleged that the city proceeded with the construction of the sewer by day labor, and in connection therewith constructed and extended the sewer in the alley between Pearl and Main streets bisecting blocks 10, 15, and 18, northerly, through block 7 to Sixth street.

On June 6, 1910, the final Ordinance No. 514, was passed, declaring $11,147.04 as the total cost and expense of the sewer, certifying the total valuation of all the land in the district, and benefited by the sewer, exclusive of improvements, according to the last assessment for city purposes, to be $135,115, and levying a special tax of 8¼ cents on the dollar of that valuation, against all of the property included in the district and including also block 7, to pay for the sewer.

Without further pursuing the allegations of the voluminous complaint, it will suffice to say that it is sufficient to make the basis for five points of attack upon the assessment.

(1) It is first contended that the declaratory Ordinance No. 478, giving notice of the intention to make the improvement, was not sufficient to initiate a proceeding under the act of 1909, chapter 60, Laws 1909, p. 105 *et seq.* (Rem. &

Bal. Code, §§ 7712-7718 inclusive), but was sufficient for a proceeding under chapter 26, Laws 1909, p. 38 *et seq.* (Rem. & Bal. Code, §§ 7705-7711 inclusive), amendatory of section 1 of chapter 70 of the Laws of 1907, p. 114 (Bal. Code, § 943). It is claimed that the city, having initiated the proceeding under the last-mentioned law, could not proceed under the first as it did by Ordinances Nos. 488 and 514.

Section 1, p. 105, chapter 60, Laws of 1909 (Rem. & Bal. Code, § 7712), authorizes cities of the third class to construct surface or underground drains and sewers under the terms of that act, and closes as follows:

"Provided, That this act shall not be intended to supersede or repeal any law now in effect relating to the improvement of public streets by cities of the third class, but the same shall be considered concurrent and additional legislation thereto. Said cities being hereby authorized to proceed under the law as it now exists where the character of the improvement is sufficiently provided for under the existing law relating thereto."

Section 2 provides that, when it is desired to improve any streets or alleys by the construction of sewers or drains therein, a petition, signed by the owners of one-fourth in quantity of the property abutting thereon, may be presented to the city council, describing the improvement sought, and praying the council to proceed to establish and construct the improvement. Section 3 provides that, on the presentation of such petition, the council shall order a survey to be made, and if the improvement is found practical, shall order plans and specifications to be prepared by the city engineer and filed with the council, and then proceeds:

"Thereupon said council shall by ordinance declare its intention to make such improvement, setting forth in such ordinance the name of the street, or streets, alley, or alleys, to be improved, the beginning, and the terminus of said improvement, and the general character of the same as shown by the plans and specifications on file, which said plans and specifications shall be approved and adopted in said ordinance, and

Apr. 1912]          Opinion Per ELLIS, J.

an estimate of the cost of said improvement, and reciting further therein, whether said improvement, or any part thereof is to be constructed as a main, or trunk line sewer, or for the special and exclusive benefit of the property abutting upon, or approximate thereto, and also what portion if any, of the costs of said improvement is to be assessed against the property abutting upon or approximate thereto, and fixing the boundaries so as to include all abutting or approximate property to be benefited by said proposed improvement, and setting forth what portion, if any, of the cost thereof shall be paid by the city from its general, or current funds. Said ordinance shall fix a time not less than ten days in which protests against such proposed improvement may be filed in the office of the city clerk. It shall be the duty of such clerk to cause such ordinance to be published in the official newspaper of the city for at least two consecutive issues of such paper before the time fixed in such ordinance for filing such protests, and proof of the publication of such ordinance by the affidavit of the publisher of such newspaper shall be filed with the clerk of such city, on or before the time fixed for such filing. If protests against the proposed amendment be filed by the owners of two-thirds in quantity of the lands abutting on, or approximate to said improvement on or before the date fixed for such filing, the council shall not proceed further toward the establishment of said improvement unless six members of said council shall vote to proceed with such work." (Rem. & Bal. Code, § 7714).

This section provides further that, if no protests are filed, or if protests are filed and the council vote to proceed with the improvement, it shall, at its next regular meeting or at any subsequent time, by ordinance, establish an assessment district including all abutting or approximate property benefited by the improvement, and provide that the improvement shall be made and the cost and expense assessed upon all the property in such district, by special tax "to be levied in accordance with the last general assessment of the land within said district for city purposes, exclusive of all improvements, not exceeding the benefits to be derived from such improvement."

It is urged that the notice given by the initial Ordinance

No. 478 was insufficient under above provisions, in that it did not state that the assessment would be against the "property abutting upon or approximate to the improvement," nor fix the boundaries of the district "so as to include all abutting ·and approximate property to be benefited." We think the ordinance was sufficient to meet these requirements, and initiate a proceeding under chapter 60. It declared that the improvement was for the especial and exclusive use of the property abutting upon and approximate to the streets and alleys designated, and fixed the limits of the district by reference to those streets and alleys, and declared that the cost would be assessed against the property benefited. This was equivalent to a declaration that the property abutting and approximate was the property benefited and which would be assessed. The fact that the ordinance contained a further statement that the cost to each lot would be $60 is immaterial and may be treated as surplusage, since under neither law was such an estimate as to each separate lot required, but only an estimate of the total cost of the whole improvement.

(2) It is contended that the assessment was void because it was initiated without a petition of the owners of one-fourth .in value of the abutting property. It is self-evident that no irregularity can be successfully asserted in a suit to ·enjoin the collection of an assessment which would not constitute a valid defense to an action to foreclose the assessment. Section 5 of the act in question (Rem. & Bal. Code, § 7716), declares that, in any proceeding for the foreclosure of the assessment, recovery may be had for the proportion of the value of the work properly chargeable upon any lot or tract of land abutting or approximate to the improvement, "notwithstanding any irregularity or defect in any of the proceedings of such municipal corporation or its officers." Such curative provisions are held valid and effective as to irregularities though not as to jurisdictional matters, especially whenever opportunity to object before the city council has

been accorded by notice. *Seattle Cedar Lumber Mfg. Co. v. Ballard*, 50 Wash. 123, 96 Pac. 956; *Smith v. Tobener*, 32 Mo. App. 601. The petition is not a jurisdictional prerequisite. To proceed without petition was not to proceed without power. It was at most the exercise in an irregular manner of a power amply conferred. The legislature might have conferred the power without requiring any petition. There is no constitutional inhibition against such a course. The lack of a petition was therefore a mere irregularity, and the right to object on that account was waived by the failure of the property owners to protest against the improvement on that ground, in response to the notice given by the declaratory ordinance as published and within the time fixed in that notice. *Smith v. Tobener, supra; Rucker Brothers v. Everett*, 66 Wash. 366, 119 Pac. 807; *Northwestern & Pac. Hypotheek Bank v. Spokane*, 18 Wash. 456, 51 Pac. 1070; *New Whatcom v. Bellingham Bay Imp. Co.*, 18 Wash. 181, 51 Pac. 360; *Tumwater v. Pix*, 18 Wash. 153, 51 Pac. 353; *Annie Wright Seminary v. Tacoma*, 23 Wash. 109, 62 Pac. 444; *McNamee v. Tacoma*, 24 Wash. 591, 64 Pac. 791; *Young v. Tacoma*, 31 Wash. 153, 71 Pac. 742; *Ferry v. Tacoma*, 34 Wash. 652, 76 Pac. 277; *Alexander v. Tacoma*, 35 Wash. 366, 77 Pac. 686.

(3) The objection that no plans and specifications were filed, prior to the passage and publication of the ordinance of intention, is effectually disposed of by what we have said as to the lack of petition. The right to object on that ground was waived by the failure to appear and object before the council in response to the notice.

(4) It is next contended that the inclusion and assessment of block 7 in the assessment roll by the final ordinance invalidated the entire assessment. The owners of property in that block, however, are not complaining. It is stipulated in the record that the appellants are only contesting the assessments against their property lying within the district as originally created. It will not be presumed that the in-

clusion of other property in the assessment roll has added anything to the assessment against appellants' lots. *Shryock v. Hannenen,* 61 Wash. 296, 112 Pac. 377. The appellants, however, were entitled to offer evidence on this point. The work having been done by day labor and being of the same character throughout, it ought to be easy to segregate the actual cost of the work done in block 7 and deduct it from the entire actual cost. The remainder, but only up to the amount of the estimate (as we shall see under the next head) if it equal or exceed that amount, should be assessed against the property in the original district. This is plain, since the estimate of $6,000 was made with reference to the original district alone and did not include block 7.

(5)    Finally, it is contended that the assessment was void as to any sum in excess of the published estimate of the cost. Under the rule announced in *Chehalis v. Cory,* 54 Wash. 190, 102 Pac. 1027, 104 Pac. 768, and adhered to in *Chehalis v. Cory,* 64 Wash. 367, 116 Pac. 875, this contention must be sustained. The following language of this court, in denying the petition for rehearing in the first mentioned case, is conclusive of the question here:

"In the case at bar, the council had jurisdiction to levy an assessment not exceeding $6,000; beyond this it could not go without notice. But the fact that it did so, does not prevent a levy for the full amount of the original estimate; for, by the very terms of the act, the jurisdiction of the council is preserved, to the end that a recovery may be had to the limit of compliance, disregarding all informalities, irregularities, or defects in the proceedings leading up to the final assessment.

"It is also urged that, if it was the intention of the court to hold that the assessment should be limited to the amount of $6,000 on the whole district affected, it was not made clear by our former opinion. We had supposed that this followed as a logical deduction from our reasoning. If it does not, it may now be understood that we hold that the assessment made by the city of Chehalis was not avoided by the fact that the cost of the work was $14,812.50, whereas the cost, as

estimated in the original notice, was but $6,000; that the act of the council in so proceeding was a mere irregularity, and to the extent of the original estimate, or $6,000, it has full power to levy upon each lot or tract affected its proper proportion of the cost according to the true intent and meaning of the law."

The obvious purpose of the estimate is to advise the property owners of the probable expense of the proposed improvement, that they may protest against it if it exceeds what they are willing to pay for the improvement. It requires no argument to show that, when the actual cost is grossly in excess of the estimated cost, the publication of the estimate is much more prejudicial to the interests of the property owner than if no estimate whatever had been given. It is actually misleading. If no estimate be given, he could, in response to the published notice, protest against further proceeding until it be furnished, and if overruled, would not be estopped to enjoin the enterprise or contest the assessment on that ground. But where an estimate is given, he has the right to rely upon it, and the city should be estopped to assert any jurisdiction to exceed the estimate in the actual· cost assessed. Since the legislature might have dispensed with any estimate, the failure of the council to make any would doubtless be held an irregularity which might be waived by a failure to protest. This is also on the ground of estoppel; but obviously no estoppel against the property owner can be grounded upon his action induced by erroneous information upon which he had the legal right to rely.

That our position may be clear, we add that evidence should be taken to determine the actual cost of the work done in block 7, and that cost deducted from the entire cost of all the work. The remainder will constitute a valid· assessment against the properties in the original district, but only up to a total of $6,000, the amount of the published estimate.

The judgment is reversed, and the cause remanded for re-

instatement and further proceeding in accordance with the views herein expressed.

DUNBAR, C. J., CROW, MORRIS, and CHADWICK, JJ., concur.