[No. 12832.   *En Banc.*   May 13, 1916.]

## C. L. Collins et al., Appellants, v. The City of Ellensburg, Respondent.[1]

Appeal—Review — Invited Error — Assessments.   Upon appeal from a judgment confirming a reassessment, error cannot be predicated upon the adoption of the zone system, where that was done at the instance of the appellants.

Municipal Corporations—Reassessments — Interest and Costs —Reapportionment.   Upon levying a reassessment to make up a reduction in the original assessment allowed to objecting owners, those who paid up their original assessments in full cannot be assessed to make up accumulated interest and the cost of the reassessment necessitated by the nonpayment of the objecting owners.

Appeal from a judgment of the superior court for Kittitas county, Grady, J., entered January 30, 1915, confirming an assessment roll for a public improvement, on appeal from an order of the city council.   Affirmed.

*A. L. Slemmons* and *G. P. Short,* for appellants.

*H. W. Hale* (*John H. McDaniels,* of counsel), for respondent.

Ellis, J.—In the year 1909, Ellensburg, a city of the third class, provided for the laying of a sewer in the alleys through certain blocks, and for payment of the cost by special assessment on the property benefited.   In the initial ordinance, it was estimated that the improvement would cost $6,000.   In June, 1910, after the work was completed, it was ascertained that the actual cost was $11,147.04.   A part of 'the difference between the preliminary estimate and the actual cost is accounted for by the fact that the sewer was extended through block seven, which was not included in the district as outlined in the initial ordinance.   When the work was completed, the city levied an assessment against all the property within the district, including also block seven, which

[1]Reported in 157 Pac. 864.

assessment was based on the actual cost of the work appor-
tioned according to the respective values of the various lots
and tracts as shown upon the general assessment roll for city
purposes for the year 1909, as authorized by § 3 of ch. 60
of the Laws of 1909, p. 106 (2 Rem. & Bal. Code, § 7714).
All of the property owners in block seven paid their original
assessment in full without protest. No question concerning
that property is now involved. The only notice of the orig-
inal assessment was the notice conveyed by the publication
of the initial ordinance containing the insufficient estimate.
Most of the property owners waived the objection of want
of notice of the increase of the assessment over the estimate
and paid their assessments in full. The present contestants,
however, and certain others not now appealing, brought suit
to restrain the enforcement of the assessments against their
properties. That action finally reached this court on ap-
peal, and on the authority of *Chehalis v. Cory*, 54 Wash. 190,
102 Pac. 1027, 104 Pac. 768, we held the original assess-
ment against the appellants' properties void as to any sums
in excess of their proportion of the original estimate. *Col-
lins v. Ellensburg*, 68 Wash. 212, 122 Pac. 1010. The su-
perior court, on the return of the remittitur in that case, re-
duced the assessments against the appellants' properties to
their proportion of the $6,000, and enjoined the city from
enforcing the original assessments in any greater sums
against those properties, but without prejudice to the city's
right to reassess upon notice.

The reduction of the original assessments against appel-
lants' properties resulted in a deficit in the local improve-
ment fund, which, with interest at the time of the reassess-
ment, it is stipulated amounts to $3,367, for which sum the
present reassessment was made. In the new roll, the amount
of the deficit, including interest, was reassessed against the
properties of those only who had not paid their original as-
sessments in full. The reassessment was apportioned upon
the same basis as the original assessment, that is, in propor-

tion to the values as indicated by the general assessment for the year 1909. On the hearing upon the reassessment roll pursuant to notice, the appellants appeared before the council and objected upon various grounds, one of which was that the assessment should have been made upon the zone basis as provided by the act of 1911, which in the meantime had been passed. The council confirmed the roll as made. The contestants appealed to the superior court. That court recognized the right of the city to reassess the properties actually reassessed to the extent of the actual cost of the improvement with interest, but held with the appellants that, as among the lots and tracts so reassessed, the reassessment should be apportioned on the zone basis, as prescribed by § 13 of ch. 98, Laws of 1911, p. 446 (3 Rem. & Bal. Code, § 7892-13). All persons in the district affected by that modification were brought in by summons, but none of them appeared or objected to the modification as proposed. On January 30, 1915, the court confirmed the reassessment roll so modified. Collins and others, being original appellants to the superior court, have appealed to this court.

The main contention is that the judgment in the original case of *Collins v. Ellensburg*, entered pursuant to our prior decision, is *res judicata*, precluding the city from reassessing for any sum. This question has been disposed of by our decision on the rehearing in the case of *Kuehl v. Edmonds*, *ante* p. 195, 157 Pac. 850, in which the power of the city to reassess for the deficiency in such a case is recognized.

Some question is suggested as to the propriety of the superior court's modification of the reassessment roll to make it conform to the zone system. But the question is not before us. The city has not appealed, and the appellants cannot raise the question, since the change of the roll from the basis of value to the zone basis was made at their instance.

The appellants assert that so much of the reassessment or supplemental assessment as represents accumulated interest should be laid over the whole district, including the lands of

those who paid their original assessments in full. This position is untenable. Those who paid the original assessment without contest, it must be presumed, did so in order to avoid the accumulation of interest and the cost of a reassessment. It would be manifestly inequitable now to impose upon them, or any of them, any part of this interest and costs for the accruing of which they are in no sense responsible.

It is not claimed that the council in levying the reassessment was guilty of any fraud or bad faith. There is no evidence that the properties assessed are not benefited to the full amount of the respective assessments.

The judgment is affirmed.

MORRIS, C. J., HOLCOMB, MAIN, MOUNT, and PARKER, JJ., concur.