[No. 7648.    Decided November 7, 1908.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, v. PIERCE COUNTY *et al.*, *Respondents*.[1]

DRAINS—DRAINAGE DISTRICTS—PROCEEDINGS — PRELIMINARY COSTS —LIABILITY OF LAND—BENEFITS. Under Laws 1895, ch. 115, authorizing the organization of a drainage district where an improvement would be of special benefit to a majority of the lands included in the proposed boundaries, property included in the district which was found to be not benefited may be proportionally taxed with all the other land in the district to pay the preliminary expenses to ascertain whether the proposed improvement should be carried out, upon abandonment and dismissal of the proceedings for lack of sufficient benefit to cover the cost; the power to levy such tax being incident to the main power conferred, and is not affected by failure of the contemplated improvement.

SAME—OBJECTIONS—WAIVER. A land owner who makes no objections to proceedings to establish a drainage district until after decree is made, is estopped to object to anything except the constitutionality of the law.

[1]Reported in 97 Pac. 1099.

SAME—TAXATION—POWER TO LEVY COSTS OF PROCEEDINGS. The power of the legislature to authorize the levy of a tax upon a drainage district to pay the preliminary expense of ascertaining whether the improvement shall be made, does not depend upon whether the district is a municipal corporation, and the tax cannot be objected to where the burden was voluntarily assumed by a vote of the people of the district.

STATUTES—TITLE AND SUBJECTS—AMENDMENTS. Laws 1903, p. 90,. relating to drainage districts, does not violate Const. art. 2, § 37, providing that no act shall be revised or amended without setting out the same in full, since the same is a complete law of procedure within itself.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered November 14, 1907, in favor of the defendants, upon sustaining a demurrer to the complaint. Affirmed.

*B. S. Grosscup* and *W. C. Morrow*, for appellant.

*H. G. Rowland* and *Robert M. Davis* (*Emmett N. Parker* and *R. J. Burglehaus*, of counsel), for respondents.

DUNBAR, J.—This case came up on appeal by the plaintiff from an order and judgment entered by the superior court of Pierce county sustaining a demurrer to the complaint and dismissing the action. The complaint was addressed to the equity side of the court, and set up substantially the following facts: That the plaintiff is the Northern Pacific Railway Company; that Pierce county is a municipal corporation,. and E. M. Lakin is treasurer of the same; that about the 10th day of September, 1904, drainage district No. 4, of the county of Pierce, was established; that thereafter the said commissioners commenced a proceeding in the superior court of Pierce county, entitled "Frank R. Spinning, Charles A. Stewart and T. S. Pierce, as the board of drainage commissioners of drainage district No. 4, of Pierce county, Washington, plaintiffs, and H. M. Anderson et al., defendants," for the purpose of prosecuting the construction of a system of drainage within said district; that the plaintiff was joined

as defendant in said proceeding, and filed its answer denying that any benefit would accrue to it or its property by reason of the construction of said drainage ditch; that upon a trial of the cause verdict was entered by the jury exempting plaintiff and its property from any assessment on account of the construction of said ditch, on the ground that no benefit would accrue to plaintiff or its property by reason of such construction; that thereafter on the 13th day of January, 1906, said action was ordered to be dismissed by the superior court, for the reason that the estimated cost of the construction of the proposed improvement by said district, including damages to be paid, would exceed the benefit which would be assessed; that thereafter, to wit, on the 10th day of September, 1906, an order and decree was entered in this cause ascertaining the indebtedness and directing a tax levy wherein the total amount of warrants or evidences of indebtedness, with accruing interest, was ascertained to be $3,339.75, and the county commissioners were directed to levy a tax on the real estate within said district exclusive of improvements, sufficient to pay said outstanding warrants and evidences of indebtedness; that thereafter the said county commissioners proceeded to and did levy a pretended tax upon the property of plaintiff in said district, amounting to the sum of $1,388.75; that the tax rolls and records of the defendant Pierce county, Washington, show such taxes levied against plaintiff's main line and side track; that defendants and each of them were threatening to enforce the collection of said pretended taxes by the sale, or attempted sale or conveyance of said property; that plaintiff is greatly annoyed, injured, and hindered by the said pretended taxes and tax liens, and the assertion of the same by the defendants against plaintiff's property; that said pretended levy of taxes was assumed to be made by virtue of § 6, chap. 67, p. 90, of the laws of the state of Washington for the year 1903; wherefore plaintiff prays that an injunction issue  against defendants and each of them, forever enjoining and restraining them from in any way attempting to

enforce the collection of said pretended taxes. Other state-
ments appear in the complaint which are conclusions of law
and which it is not necessary to set forth. The defendants,
through the prosecuting attorney H. G. Rowland, filed a
demurrer to the complaint, which demurrer was sustained by
the court.

It is the contention of the appellant that an examination
of the various provisions of chap. 115, Laws of 1895, shows
that the legislature had in mind but two classes of land to be
included within the drainage district, to wit, those receiving
benefit by reason of the proposed improvement and those
necessary to be condemned in carrying out the work; and as
it affirmatively appears that the appellant's lands were not
benefited by reason of the judgment in that respect, and that
the improvement was abandoned, it follows that its lands
should not be taxed to pay the expenses of ascertaining
whether or not the improvements should be made. This con-
tention is not consistent with the provisions of § 4, chap. 115,
Laws of 1895, for the reason that that section provides for the
organization of a district where an improvement would be of
special benefit to a majority of the lands included in the pro-
posed boundaries, thereby especially negativing the idea sug-
gested by the appellant that the law contemplated the in-
clusion only of such lands as were benefited; and the constitu-
tionality of this law was determined by this court in *Lewis
County v. Gordon,* 20 Wash. 80, 54 Pac. 779, and subsequent
cases. There is nothing in the complaint indicating that the
proceedings leading up to the formation of the district were
not in strict compliance with the law, nor that there was any
objection to the incorporation of appellant's lands into the
district. The essential complaint is only that the proceedings
for the purpose of raising money to pay the preliminary
expenses of the proposed improvement which failed were il-
legal, and that its land should not be taxed because it had
been determined that they would not have been benefited by
the improvement if it had been carried out.

It is possible that an investigation to determine the benefits flowing from a proposed improvement might develop the fact that none of the lands in the district would be benefited by the improvement. In such case every owner could put forth the same objection to the payment of his share of the preliminary expenses as does the appellant here; and for the same reason. The improvement not having been made, there seems to be no reason in equity why all the lands in the district should not proportionately pay the expenses which were necessarily incurred in determining the question whether the improvement should be made, it being borne in mind that those expenses were not incurred in making an improvement which failed to benefit certain lands, but were expenses preliminary to determining the question above stated, a question entirely foreign to any question of assessment of damages or benefits from or by the construction of the improvement. So that no objection having been made by the appellant at any stage of the proceedings to the formation of the district and the inclusion of their lands in said district, nor to the petition and proceedings under which the decree determined the amount of the indebtedness of the district, the right of appeal from all of such proceedings existing, it is estopped to object to anything but the constitutionality of the law under which the assessment·is sought to be made and the tax collected, for it seems plain that the provisions of the law have been complied with.

The constitutionality of the original act having been determined, the power complained of here, viz., the power to tax for the purpose of carrying out the provisions of the act, it seems to us, is necessarily incident to the main power conferred and is not affected by the fact that the contemplated improvement has failed; for it became necessary, in order to carry out the original scheme contemplated and to determine facts which had to be determined in order to make the scheme effective, to incur the expenses complained of. The legisla-

ture in this instance has not violated § 12 of art. 11 of the state constitution by imposing any tax upon it.

Nor is it necessary to determine whether this drainage district is a municipal corporation, within the meaning of said § 12 under which the power to assess and collect taxes is especially conferred. The state constitution is a limitation and not a grant of power, and the legislature has supreme authority, in the absence of constitutional limitations .expressed or necessarily implied. This is an organization voluntarily entered into under powers, regulations and forms prescribed by the legislature, and the burden of paying the expenses necessary to effectuate the object of the organization was voluntarily assumed by a vote of the people. As we said in *State ex rel. Seattle v. Carson*, 6 Wash. 250, 33 Pac. 428: "So long, therefore, as the tax is imposed by the corporate authorities, the evil sought to be avoided by the constitutional provisions is not incurred." In this case the burden being self-imposed, there is no room to exclaim against legislative power.

Nor do we think that chapter 67 of the Laws of 1903 falls under the ban of § 37, art. 2 of the constitution, which provides that: "No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length;" for the reason that an examination of the act plainly shows that it is a law of procedure complete within itself.

There appearing to be no valid constitutional objections to the law under which the tax is sought to be collected, and it not appearing that there has been any violation or misconstruction of the law, the judgment is affirmed.

MOUNT, RUDKIN, FULLERTON, and ROOT, JJ., concur.

HADLEY, C. J., and CROW, J., took no part.