[No. 10550.   Department Two.   October 29, 1912.]

C. C. CHANDLER et al., Appellants, v. THE CITY OF PUYALLUP et al., Respondents.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS—NOTICE —WAIVER—JURISDICTION.   Failure to publish the initial resolution for an assessment twice, as required by Rem. & Bal. Code, § 7705, is waived by parties appearing to protest against the assessment, where no objection was made at the time to the sufficiency of the notice; since the notice is not jurisdictional in the absolute sense that it could not be waived.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 2, 1911, dismissing an action to quiet title, after a trial on the merits.   Affirmed.

*F. R. Baker* and *F. D. Davis*, for appellants.

*M. F. Porter* and *W. H. Pratt*, for respondents.

ELLIS, J.—The plaintiffs brought this action to quiet title to their respective properties against certain special assessments, levied thereon by the city of Puyallup for street paving.   Upon a hearing, the action was dismissed by the superior court at the plaintiffs' cost.   The plaintiffs have appealed.

The appellants contend that the city council was without jurisdiction to make the assessment, because only one publication of the initial resolution was made, whereas the statute, Rem. & Bal. Code, § 7705, requires two publications. This is the only objection urged against the validity of the

assessments. It is not claimed that the work was not done, nor that the appellants' properties were not benefited thereby. We think the evidence sufficiently shows that the resolution was published only once, but it does not follow that the proceedings were void. While the records of the city council are not in evidence, the city clerk was permitted to testify from them. The time set for remonstrances by the resolution was April 28, 1909. This appeared in the resolution as published. At that time, as the clerk testified, a remonstrance was presented "by citizens," asking the council to defer action, and the matter was continued for one week. On May 5, 1909, the time to which the hearing was continued, "a remonstrance from owners of property within bounds of the proposed district" was considered and discussed by persons both for and against the adoption of the proposed district as outlined in the resolution, and the council overruled the remonstrances. It does not appear from the evidence whether the protestants were these appellants or other property owners. The appellants, however, in their brief admit that they appeared and protested, and that their protests were overruled. Nowhere in the evidence does it appear, nor do the appellants in their briefs claim, that the objection now urged was ever made before the city council or called to its attention. Having admittedly appeared in response to the defective notice, it was incumbent upon them to show that they then objected to the sufficiency of the notice. Otherwise we must treat that objection as waived, unless the failure to publish the notice twice was jurisdictional in the absolute sense that it could not be waived in any manner. There is much reason in the view that this notice has nothing to do with the constitutionality of the law. Its purpose was not to accord a hearing upon the validity of the assessment or as to the benefit therefrom to the property within the district, but to accord a hearing as to the limits of the district and as to whether the district should be formed at all. The publication of the initial resolution or ordinance antedating as it

does any assessment, cannot affect the constitutional re-
quirement as to due process of law one way or another. The
constitutional requirement is met by the fact that the lien of
the assessment, if questioned, can only be asserted and the
property subjected to its payment by a suit in foreclosure.
Rem. & Bal. Code, § 7710.

But even assuming that the constitutional inhibition neces-
sitates some notice of the initiation of the improvement, the
constitution does not prescribe any particular form of notice.
In view of that fact, the legislature might have provided for
but one publication of the initial resolution, or might have
provided for any other form of notice reasonably calculated
to apprise the property owners of the intended improve-
ment. To proceed under an imperfect publication was not
to proceed without power. It was merely an irregular exer-
cise of power. The appellants who actually appeared before
the council in response to the notice, but failed to offer any
objection as to the sufficiency of the notice, must be held to
have waived that objection. *Rucker Bros. v. Everett*, 66
Wash. 366, 119 Pac. 807, 38 L. R. A. (N. S.) 582; *Collins
v. Ellensburg*, 68 Wash. 212, 122 Pac. 1010; *Shannon v.
City of Omaha*, 73 Neb. 507, 103 N. W. 53, 106 N. W. 592;
*Owens v. Marion*, 127 Iowa 469, 103 N. W. 381; *Philadel-
phia v. Schofield*, 166 Pa. St. 389, 31 Atl. 119; *Smith v.
Tobener*, 32 Mo. App. 601.

The only function of the publication, whether made once,
twice, or any number of times, was to give notice. Persons
to whom it actually gave notice, and who appeared in re-
sponse thereto without raising any objection to its suffi-
ciency, should be held estopped to say that it did not per-
form that function. The situation is analogous to that pre-
sented by defective publication of summons in an ordinary
action. In such cases, it is uniformly held that parties, by
appearing generally without raising any question as to the
sufficiency of the publication, waive the right to object. We
are constrained to hold that the appellants, having ad-

mittedly appeared at the hearing before the city council in response to the notice, and having failed to show that they then questioned its sufficiency, cannot now raise that question.

A notice of the time of hearing upon the confirmation of the assessment roll was also published. This was required by a general ordinance of the city of Puyallup, but is not required by the general law. The appearance of the appellants to that notice would probably be insufficient to waive defects in the proceeding. Their appearance to the original notice, the publication of which was required by the statute, did, however, constitute a waiver of any defect in the notice.

The judgment is affirmed.

MOUNT, C. J., MORRIS, and FULLERTON, JJ., concur.