[No. 12738.   Department One. · April 23, 1915.]

S. M. JACKSON *et al.*, *Appellants*, v. COMMERCIAL WATERWAY
DISTRICT No. 1, OF PIERCE COUNTY, *et al.*, *Respondents*.[1]

NAVAGABLE WATERS—COMMERCIAL WATERWAY DISTRICTS — ESTAB-
LISHMENT—PETITION.  A petition for the establishment of a com-
mercial waterway district cannot be attacked because not signed by
the wives of petitioners owning community lands in the district,
where the wives signed and acknowledged a statement that their
husbands had been given prior authority to sign the petition and to
represent their interests in the proceedings; as the same shows
both previous authority and subsequent ratification.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered March 11, 1915, upon sustain-
ing a demurrer to the complaint, dismissing an action to annul
the organization of a commercial waterway district, tried to
the court.  Affirmed.

*C. M. Riddell*, for appellants.
*John D. Fletcher*, for respondents.

MORRIS, C. J.—Action to annul the organization of com-
mercial waterway district No. 1 of Pierce county, and to en-
join respondent commissioners from acting as commissioners
of such district.  The validity of the district organization is
attacked solely upon the grounds that certain community
lands were included in the proposed district, and that the pe-
tition initiating the formation of the district was signed by
the husbands alone, it being asserted that excluding such
lands from the petition will leave less than the requisite area
represented by the petition.  It being conceded that the
statute relating to the formation of such districts has been
complied with, and no objection has been made at any stage
of the proceeding, it is doubtful whether these appellants are
now in a position to raise any question other than the con-
stitutionality of the law involved, since the petition is not a

[1]Reported in 147 Pac. 1140.

jurisdictional prerequisite, and ample opportunity was afforded appellants to appear and enter their objections, if any, which they have neglected to avail themselves of. *Northern Pac. R. Co. v. Pierce County*, 51 Wash. 12, 97 Pac. 1099, 23 L. R. A. (N. S.) 286; *Collins v. Ellensburg*, 68 Wash. 212, 122 Pac. 1010; *Chandler v. Puyallup*, 70 Wash. 632, 127 Pac. 293. We will, however, pass this question, as we do not find its answer necessary to a decision of the case.

We find attached to the complaint as an exhibit an acknowledgment signed by the respective wives of the husbands who signed the petition in behalf of community lands, in which, referring to such petition, it is acknowledged that the same "was filed with my prior authorization and consent, and the signature to the same, by my husband as a petitioner thereon, was with my prior authorization and consent, with full authority as my agent and representative, and as the agent and representative of the marital community, in so far as I, individually or as a member of the marital community, have or had any interest in any lands described in said petition; he also having authority to represent said lands and any interest that I, as an individual or a member of the marital community, had or have in the same at any and all hearings before the board of county commissioners of said Pierce county." This shows both a previous authority and a subsequent ratification, and is ample to bind the interest of the wives to the same extent as though they had signed the original petition. *Washington State Bank of Ellensburg v. Dickson*, 35 Wash. 641, 77 Pac. 1067; *Bowers v. Good*, 52 Wash. 384, 100 Pac. 848; *Koth v. Kessler*, 59 Wash. 641, 110 Pac. 540.

The objection against the inclusion of community lands in the petition is not well taken, and the judgment is affirmed.

HOLCOMB, CHADWICK, MOUNT, and PARKER, JJ., concur.