[No. 14759.   Department Two.   August 7, 1918.]

THE STATE OF WASHINGTON, *on the Relation of John I. O'Phelan, Prosecuting Attorney etc., Appellant,* v. ANTON LUNDQUIST *et al., Respondents.*[1]

DRAINS—ESTABLISHMENT—PROCEEDINGS — OBJECTIONS — WAIVER. Where no objections were made to the order of county commissioners establishing a drainage district and no appeal was taken from an order finding that the plan of drainage was impracticable and assessing the costs of the proceeding against the district, as directed by Rem. Code, § 4150, providing for dissolution of the district, all objections to the legality of the district are waived, and petitioners and owners cannot question the same in *quo warranto* for the purpose of evading the payment of the costs.

Appeal from a judgment of the superior court for Pacific county, Abel, J., entered June 11, 1917, upon findings in favor of the defendants, dismissing *quo*

[1] Reported in 174 Pac. 440.

*warranto* proceedings against a drainage district, tried to the court. Affirmed.

*John I. O'Phelan* and *Fred M. Bond,* for appellant.
*Welsh & Welsh,* for respondents.

MOUNT, J.—This action was brought in the nature of a writ of *quo warranto,* against the drainage commissioners of district No. 2, of Pacific county, and the county treasurer of that county, ostensibly to determine the validity of the organization of the drainage district. While the action is in form a *quo warranto* proceeding, the real purpose of the action is to avoid the cost of organizing the district, which has been ordered dissolved. The appellant's information alleges, in substance, that the county commissioners had no jurisdiction to organize the drainage district because the petition therefor was insufficient; because the notice of the hearing before the commissioners was not published for the time required by law; because the petition for the proposed district did not provide for sufficient drains and laterals and specifications; because changes were made without the knowledge of certain signers of the petition; and because of other alleged imperfections in the procedure. Upon issues joined, the case was tried to the court without a jury. Upon the trial, the court found that the petition for the organization of the district was sufficient, and was signed by the requisite number of freeholders within the proposed district; that sufficient notice was given and upon a hearing the county commissioners found the necessary facts and entered an order for an election to be held in the district to determine whether the district should be organized, and for the election of three commissioners; that an election was held as required by law after notice thereof; that the freeholders within the

district, by a majority, consented to the creation of the district by a vote of 74 for and 4 against; that, after the commissioners for the district were elected and qualified, an action was brought by such commissioners in the superior court for Pacific county to condemn a right of way for ditches and drains. All the persons interested were made parties to that action, and upon a trial thereof, the court concluded:

"That the scheme now proposed does not contain an adequate outlet, nor any outlet, within the boundaries of the district and the Shoalwater Bay, and that such an outlet is necessary and essential to the practicability of the plan, and that said plan is impracticable and is not feasible."

The court in that case thereupon dismissed the action for condemnation, and ordered that the costs and expenses incurred in forming the district be taxed and assessed against the property situated within the boundaries of the district, and that the commissioners thereof make the necessary assessment as required by law. It was further ordered that, upon the payment of the costs, the district be dissolved. The court, after finding the facts substantially as above indicated, dismissed this proceeding, and the relator appeals from the order of dismissal.

The appellant makes a number of assignments of error in its brief, and argues, chiefly, that the court erred in not finding that the drainage district was improperly organized by reason of the fact that the petition for the organization thereof was not signed by a majority of the freeholders, and that no sufficient notice was given of the hearing before the county commissioners; that the county commissioners, therefore, were without jurisdiction to create a valid district. The appellant relies solely upon imperfections in the petition and in the notices of hearing before the county com-

missioners to invalidate the organization of the district. It is unnecessary to specifically consider these alleged imperfections, because the case is controlled by what was said in *Northern Pac. R. Co. v. Pierce County*, 51 Wash. 12, 97 Pac. 1099, 23 L. R. A. (N. S.) 286. That was a case where the Northern Pacific Railway Company sought to avoid its share of the expenses of forming a drainage district. In that case we said:

"The improvement not having been made, there seems to be no reason in equity why all the lands in the district should not proportionately pay the expenses which were necessarily incurred in determining the question whether the improvement should be made, it being borne in mind that those expenses were not incurred in making an improvement which failed to benefit certain lands, but were expenses preliminary to determining the question above stated, a question entirely foreign to any question of assessment of damages or benefits from or by the construction of the improvement. So that no objection having been made by the appellant at any stage of the proceedings to the formation of the district and the inclusion of their lands in said district, nor to the petition and proceedings under which the decree determined the amount of the indebtedness of the district, the right of appeal from all of such proceedings existing, it is estopped to object to anything but the constitutionality of the law under which the assessment is sought to be made and the tax collected, for it seems plain that the provisions of the law have been complied with."

This rule was approved in *Jackson v. Commercial Waterway District No. 1*, 85 Wash. 301, 147 Pac. 1140.

See, also, *Collins v. Ellensburg*, 68 Wash. 212, 122 Pac. 1010; *Chandler v. Puyallup*, 70 Wash. 632, 127 Pac. 293.

No objections were made to the order of the county commissioners establishing the district when the same was made. No appeal was taken therefrom by any

interested party. When the case for the condemnation of a right of way for certain ditches was brought by the commissioners of the district and was tried, the court therein concluded that the plan of drainage was impracticable and not feasible. No appeal was taken from that judgment. The time has long since gone by when an appeal could be taken therefrom. It is apparent that, if the petition was not signed by the requisite number of freeholders within the district, and if the exact notice required by law was not given, these were mere irregularities which the interested parties in the undertaking might have waived, and did waive when they had notice of all the proceedings and appeared therein and made no objection. These irregularities, if there were any, were waived. In *Collins v. Ellensburg, supra,* we said:

"The lack of a petition was therefore a mere irregularity, and the right to object on that account was waived by the failure of the property owners to protest against the improvement on that ground, in response to the notice given by the declaratory ordinance as published and within the time fixed in that notice."

So it is plain that, if the parties who instigated this proceeding are endeavoring to avoid the payment of the costs of the work done upon the district, they could not do so under the rule announced in *Northern Pac. R. Co. v. Pierce County, supra.* The statute provides, at Rem. Code, § 4150:

"In case the damages or amount of compensation for such right of way, together with the estimated costs of the improvement, amount to more than the maximum amount of benefits which will be derived from said improvement, or, if said improvement is not practicable, or will not be conducive to the public health, welfare and convenience, or will not increase the public revenue, or will not have sufficient outlet, the court shall dismiss such proceedings, and in such case a judgment

shall be rendered for the costs of said proceedings against said district, and no further proceedings shall be had or done therein; and upon the payment of the costs, said organization shall be dissolved by decree of said court.''

A decree substantially in compliance with the provisions of this section was entered by the superior court in the action brought by the commissioners of the district to condemn a right of way for ditches. No appeal was prosecuted from that judgment. It has become final and conclusive. All that remains to be done by the commissioners of the district and the county treasurer is to collect the costs which have been incurred and thereupon the district is dissolved. There can be no other object for this action than to avoid the payment of these costs by the parties who petitioned for the district and who, by this action, are seeking to avoid the liability. Clearly, we think, they should not be permitted to avoid the costs by this form of action.

We are of the opinion, therefore, that the trial court properly denied the relief sought. It is unnecessary to consider other points.

The judgment appealed from is therefore affirmed.

MAIN, C. J., HOLCOMB, CHADWICK, and MACKINTOSH, JJ., concur.