[No. 18869.   Department. Two.   December 9, 1924.]

## T. A. NOBLE, *Respondent*, v. OSCAR OMAN *et al., as Commissioners etc., Appellants.*[1]

DRAINS (16) — ASSESSMENTS — PROPERTY LIABLE — PROPERTY EX-
CLUDED.  Upon the dismissal of proceedings to establish a diking
district because found inexpedient, property excluded from the dis-
trict during the pendency of the proceedings should not be assessed
for any portion of the costs and expenses incurred after such ex-
clusion; under Rem. Comp. Stat., § 4312, providing for the assess-
ment of the costs incurred against "the district" without providing
in what manner the assessment shall be distributed to the different
parcels included in the district.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered August 5, 1924, re-
ducing an assessment for the costs incurred in pro-
ceedings to establish a diking district.   Affirmed.

*Fred M. Bond,* for appellants.

MACKINTOSH, J.—This appeal involves the sum of
$59.44; and on it we have not had the benefit of a brief
by the respondent or oral argument by either party.
There is no statement of facts, but the findings of fact,
conclusions of law and decree show that respondent
owns certain lands in Pacific county, the assessed val-
uation of which is $364; that the county commissioners
of Pacific county organized a diking district of fifteen
hundred acres, which included respondent's property,
and the commissioners of such district took steps to
condemn the necessary property in order to make the
proposed improvements; but, upon making their in-
vestigation of the project, they determined that it was
unwise and inexpedient to dike all of the property
within the bounds of the district, as it had been estab-
lished by the county commissioners, and therefore ex-

[1]Reported in 230 Pac. 827.

cluded certain land, including that of the respondent, and none of this property was embraced in the subsequent condemnation proceedings, nor was the respondent made a party thereto.

Thereafter the condemnation proceeding was instituted against the owners of the property remaining in the district. The trial of that action resulted in a finding that the estimated cost of the improvement amounted to more than the maximum amount of benefits that would be derived therefrom; and that, consequently, the improvement would not be practicable, would not be conducive to the public health and welfare and would not increase the public revenue. Thereupon a decree was entered dismissing the action, and a judgment was rendered for the cost of the proceedings against the district, and the district was dissolved except for the purpose of making a levy for costs and collecting them.

The commissioners were directed to make an assessment for the purpose of collecting such costs, and in such assessment they included all the property as it originally appeared in the district, as organized by the county commissioners, and the assessment was apportioned among all the descriptions of such land, on a basis of $68.85 per $100 of tax valuation. This amounted to an assessment against the respondent in the sum of $246.93. The respondent then began this action to have such assessment set aside, and upon the trial the court found that the amount of money expended in the proceedings up to the time that the appellants had excluded the respondent's property from the district amounted to $9,241.87, and that respondent's property should bear only its proportionate share of such amount, and should not be called on to pay any of the expense incurred subsequent to the condemnation. The

respondent's assessment, under the court's decree in this action, would amount to $187.49, or a reduction from the original assessment in the sum of $59.44. From this reduction, the commissioners of the diking district have appealed.

Section 4312, Rem. Comp. Stat. [P. C. § 1947-14], reads as follows:

"In case of damages or amount of compensation for such right of way, together with the estimated cost of the improvement, amount to more than the maximum amount of benefits which will be derived from said improvement, or if said improvement is not practicable, or will not be conducive to the public health, welfare and convenience, or will not increase the public revenue, or will not have sufficient outlet, the court shall dismiss such proceedings, and in such case a judgment shall be rendered for the costs of said proceedings against said district, and no further proceeding shall be had therein; and upon the payment of the costs, said organization shall be dissolved by decree of said court."

There is nothing in this section which provides how the assessment shall be distributed between the different parcels of property included in the proposed district, and it would seem that there is no reason why respondent's property should be called on to bear any of the expense after it had been determined to exclude it from the district. This court, in construing § 4150, Rem. Code, which refers to drainage districts and is identical with § 4312, *supra*, relating to diking districts, in *Northern Pacific R. Co. v. Pierce County*, 51 Wash. 12, 97 Pac. 1099, 23 L. R. A. 286, upheld the legality of the assessment upon lands which were included in a district subsequently found to be impracticable of operation.

But that case does not cover the question before us here. The court there was not considering the appor-

tionment of the costs against the property excluded before the condemnation. To make the case parallel, the present case would have to be one in which the property owner was seeking to avoid payment for any part of the costs; whereas he is only seeking to escape paying for such costs as were incurred after his property had been finally excluded from the project.

We are in agreement with the trial court in holding the assessment for costs, as made by the appellants, was inequitable and unfair, and should have been reduced to the amount to which the trial court reduced it. Judgment affirmed.

MAIN, C. J., HOLCOMB, FULLERTON, and MITCHELL, JJ., concur.