[No. 19206.　Department Two.　April 24, 1925.]

J. C. RUFFIN, *Respondent*, v. GEORGE A. SEWELL *et al.,*
as Commissioners of Diking District No. 22,
Skagit County, Appellants.[1]

DRAINS (9)—ESTABLISHMENT—PETITION—JURISDICTION—STATUTES.
It is a jurisdictional requisite that there be a petition for the estab-
lishment of a diking district, signed by the owners of a majority
of the acreage in the district as provided by Rem. Comp. Stat.,
§ 4237; and where the insufficiency of the petition appears on its
face, it cannot be shown by extrinsic evidence that an owner of
less than a majority of the acreage signed as an agent for other
owners.

Appeal from a judgment of the superior court for
Skagit county, Joiner, J., entered February 26, 1925,
upon findings in favor of the plaintiff, in an action to
enjoin the issuance and sale of bonds of a diking dis-
trict, tried to the court. Affirmed.

*Robert H. Evans* and *Shrauger & Chambers,* for ap-
pellants.

*Lundin & Barto,* for respondent.

TOLMAN, C. J.—This action was instituted to restrain
the defendants, as commissioners of Diking District
No. 22, of Skagit county, from proceeding to issue and
sell bonds of the district, amounting to $1,300,000, for
the purpose of providing funds for the carrying out
of its plans for the diking and drainage of the district.

In his complaint, the plaintiff makes four principal
attacks upon the right of the commissioners to pro-
ceed: (a) That the petition for the organization of the
district was not signed by a majority of the property
owners owning lands within the proposed district; (b)
that notice of the election was not posted as required

[1]Reported in 235 Pac. 31.

by law; (c) that a subsequent annual election was not held and one of the commissioners is now holding over beyond his term; and (d) that the commissioners were proceeding to the issuance and sale of the bonds prior to the approval of the plan for the improvement by a decree of the superior court in the condemnation proceedings brought for that and other purposes. The trial court sustained the attack on the first-mentioned ground, and the defendants have appealed.

The proceedings for the formation of the district were had under the act of 1895, now § 4236 *et seq.*, Rem. Comp. Stat. [P. C. § 1914-1 *et seq.*]. The first section provides for the formation of such districts and confers upon them certain powers. Section 4237, in part, provides:

"For the purpose of the formation of such diking districts a petition shall be presented to the board of county commissioners of the county in which said proposed diking district is located, which petition shall set forth the object for the creation of said district; shall designate the boundaries thereof and set forth therein the number of acres of land to be benefited by the proposed diking system, and shall also contain the names of all the record owners of land within said proposed district (so far as known),  . . .  Said petition shall be signed by such a number as own at least a majority of the acreage in the proposed district,  . . ."

Section 4238 provides for the presentation, giving of notice, and the hearing on such petition, and concludes:

"  . . .  and if, upon final hearing, the board of county commissioners deem it advisable and to the best interests of all concerned, they may grant the prayer of said petitioners in whole or in part, and said board of county commissioners of such county shall enter an order on the records of their office setting forth all facts found by them upon the final hearing of said petition, and which may be adduced by them from the evidence heard upon the final hearing thereof."

At the outset we are confronted by the question of whether or no these statutory requirements, especially as to the petition being signed by a majority of the owners of acreage, are jurisdictional. If so, was the petition here questioned sufficient to give the county commissioners jurisdiction? If not jurisdictional, then, of course, the inadequacy of the petition, if any, could be cured by subsequent proceedings.

From a reading of the statute alone, it would seem that the county commissioners would have no jurisdiction of the subject-matter and no right to proceed to a hearing unless and until a petition in conformity with the statute, and signed as the statute directs, was first duly filed. But we are told this court has already held otherwise, and it therefore becomes necessary to examine the cases thought to so hold.

In *Northern Pac. R. Co. v. Pierce County,* 51 Wash. 12, 97 Pac. 1099, 23 L. R. A. (N. S.) 286, the question presented was the right to assess all lands in the district to pay the preliminary expenses of ascertaining whether the improvements should be carried out, and that assessment was made after abandonment and dismissal of the proceedings for lack of sufficient benefit to cover the costs. It clearly appears in that case that the district was established without objection by anyone, and the court says that the proceedings leading up thereto were regular in every respect.

"There is nothing in the complaint indicating that the proceedings leading up to the formation of the district were not in strict compliance with the law, nor that there was any objection to the incorporation of appellant's lands into the district."

So that the question of jurisdiction which we have here was not in that case. Moreover, the appellant in that case had, without questioning in any way the regularity of the formation of the district, successfully de-

fended an action by the drainage commissioners to subject its property to assessment, on the ground that no benefits would accrue thereto. The court says:

"So that no objection having been made by the appellant at any stage of the proceedings to the formation of the district and the inclusion of their lands in said district, nor to the petition and proceedings under which the decree determined the amount of the indebtedness of the district, the right of appeal from all of such proceedings existing, it is estopped to object to anything but the constitutionality of the law under which the assessment is sought to be made and the tax collected, for it seems plain that the provisions of the law have been complied with."

This is no more than a holding that the proceedings leading up to the formation of the district could not be collaterally attacked; therefore anything said in that case which might seem to support an opposite view is of no controlling force.

In *Jackson v. Commercial Waterway District No. 1*, 85 Wash. 301, 147 Pac. 1140, it was also conceded that the statute relating to the formation of drainage districts had been complied with and no objection had been made at any stage of the proceedings, and the court, without deciding the question, refers to the possibility that the petition is not a jurisdictional requisite, citing, as supporting that proposition, *Northern Pac. R. Co. v. Pierce County, supra,* and *Collins v. Ellensburg,* 68 Wash. 212, 122 Pac. 1010, and *Chandler v. Puyallup,* 70 Wash. 632, 127 Pac. 293. These latter cases relate to special assessments in cities, under entirely different statutes, and are so clearly not in point here that we need not take time to point out the reasons why they are not authority upon the question we are now considering. The case of *Jackson v. Commercial Waterway District No. 1, supra,* while not in point upon this question, is thought to be in point upon a question to

be subsequently considered and will be later referred to.

In *State ex rel. O'Phelan v. Lundquist,* 103 Wash. 339, 174 Pac. 440, the question presented was exactly the question presented in *Northern Pac. R. Co. v. Pierce County, supra,* though it was presented in a different way, by *quo warranto,* apparently in the attempt to make a direct attack upon the proceedings leading up to the formation of the district. The trial court found that the petition for the organization of the district was sufficient and was signed by the requisite number of property owners, etc. Error was assigned upon this finding, but it was brushed aside by the court without very careful consideration, because in the last analysis the purpose of the action was identical with the purpose disclosed in the *Pierce County* case, *supra,* and the court proceeds to apply the same rule, stating that that rule was approved in *Jackson v. Commercial Waterway District No. 1* and citing also *Collins v. Ellensburg* and *Chandler v. Puyallup, supra.* We have already seen that these cases do not apply and we will not further discuss them. The court says:

"No objections were made to the order of the county commissioners establishing the district when the same was made. No appeal was taken therefrom by any interested party. When the case for the condemnation of a right of way for certain ditches was brought by the commissioners of the district and was tried, the court therein concluded that the plan of drainage was impracticable and not feasible. No appeal was taken from that judgment. The time has long since gone by when an appeal could be taken therefrom. It is apparent that, if the petition was not signed by the requisite number of freeholders within the district, and if the exact notice required by law was not given, these were mere irregularities which the interested parties in the undertaking might have waived, and did waive when they had notice of all the proceedings and appeared therein and made no objection."

Again, it will be seen that, notwithstanding the attempt to make a direct attack upon the jurisdiction of the county commissioners in the first instance, the court meant by its language no more than that the relief sought had nothing to do with the question of the original jurisdiction, and, in fact, that the attack was no more than a collateral attack. Indeed, the court says:

"There can be no other object for this action than to avoid the payment of these costs by the parties who petitioned for the district and who, by this action, are seeking to avoid the liability. Clearly, we think, they should not be permitted to avoid the costs by this form of action."

*Rothchild Bros. v. Rollinger,* 32 Wash. 307, 73 Pac. 367, cited by appellant on this point, is authority for the other view.

The validity of the organization of public corporations cannot be attacked collaterally. *Quo warranto* will not lie after a confirmatory decree. 3 Kinney on Irrigation and Water Rights, § 1408.

This being a direct attack, and the language of the statute being plain and unambiguous, we must hold that a petition, signed as the statute requires, is necessary to give the county commissioners jurisdiction, and therefore any subsequent finding of fact by the county commissioners was made without jurisdiction and cannot be considered in aid of jurisdiction.

Was the petition sufficient, under this holding, to give the county commissioners jurisdiction? The petition describes an area of 8,970 acres and is signed only by the Swinomish Reclamation Company, a corporation, which was then the owner of but 1,200 acres within the proposed district. True, it is now urged that the Swinomish Reclamation Company was the agent of a majority of the property owners at the time it signed the petition. The evidence tends to show that all of

the property owners of the district, save one, purchased from a common grantor. In the several contracts of purchase, provision was made for the organization of a diking district and the pooling of the ownership to that end. Reference thereto was carried into the deeds, so that those provisions probably became convenants running with the land, which were of record. These contractual provisions were later succeeded by written agreements, made by the several property owners, providing for the formation of a diking district, for a trustee to take and hold title for all of the owners and act for them in the formation of the district, with power "to act in any proper and lawful manner in the formation of a diking and drainage district of all the lands included in the area described;" though the trustee was not then named or selected, and afterwards the Swinomish Reclamation Company was organized and, by resolution of its stockholders, agreed to act as such trustee.

Possibly, as between the parties, all this may be sufficient to make the Swinomish Reclamation Company the agent of the majority of the owners; but these facts in no wise appear upon the face of the petition, nor did the signature of the corporation indicate in any manner that it was signing for anyone other than itself, or that there was any attempt to bind any lands other than the 1,200 acres which belonged to it. To say that such a petition upon its face conferred jurisdiction upon the board of county commissioners to proceed, would be to open wide the gates, so that the commissioners might entertain any sort of a petition, whether signed or not, and afterwards bolster it up by findings to the effect that the property owners consented to be bound thereby. Such was not the intention of the legislature, and nothing in the case of *Jackson v. Commercial Waterway District No. 1, supra,* justifies such

a holding. The question raised in that case is clearly not the question raised here. In that case the petition was signed by certain husbands, their wives not joining, attempting to bind certain lands which, on the face of the petition, might have been their separate property and have been duly bound without the signatures of their spouses; hence the insufficiency of the signatures did not appear on the face of the petition. When it was made to appear that the lands were in fact community property, the respective wives, by proper instrument in writing, showed that the husband of each had previous proper authorization and consent, and had with full authority as her agent and representative, and as agent and representative of the community, so signed. This was held to show both a previous authority and a subsequent ratification, and ample to bind the interests of the wives as though they had signed the original petition—a very proper holding, but very far from a holding that if the defect had appeared on the face of the petition, the board of county commissioners would have had jurisdiction to proceed.

Since these views lead to the affirmance of the judgment, it will be unnecessary to discuss the further questions raised.

The judgment appealed from is affirmed.

FULLERTON, HOLCOMB, MITCHELL, and BRIDGES, JJ., concur.