[No. 22979. Department One. March 20, 1931.]

JOHN HALLAHAN, *Appellant*, v. THE CITY OF PORT ANGELES, *Respondent*.[1]

*John M. Wilson,* for appellant.

*Frank L. Plummer* and *Preston, Thorgrimson & Turner,* for respondent.

MAIN, J.—This action was brought to restrain the collection of a tax. To the complaint, a demurrer was interposed and sustained. The plaintiff elected to stand upon his complaint, refusing to plead further, and judgment dismissing the action was entered, from which he appeals.

The respondent city of Port Angeles is a city of the third class. The appellant is a resident and taxpayer of the city, and he brought this action on behalf of himself and all other persons similarly situated. August

[1]Reported in 297 Pac. 149.

354

29, 1928, the respondent, acting by reason of the requirements of Rem. 1927 Sup., §§ 9351-1 *et seq.*, title LX, chapter XXI-A (Laws of 1927, p. 308, ch. 209), passed an ordinance creating a local improvement guaranty fund, in accordance with that statute. Acting under authority of the statute, and the ordinance mentioned, the respondent included in its budget for the year 1931, a levy of seven-tenths of a mill, to be spread upon all the taxable property of the city, the proceeds of such tax to be paid into the local improvement guaranty fund, and, when collected, to be used to retire local improvement bonds, as provided in the statute. The action, as above indicated, was to restrain the city from levying and collecting the tax.

The controlling question is whether the statute mentioned is constitutional, and this depends upon whether or not it imposes a tax upon the cities and towns of the state, or upon the property of the inhabitants thereof, for city or municipal purposes.

Section 12, of art. 11, of the constitution of this state, provides:

"The legislature shall have no power to impose taxes upon counties, cities, towns, or other municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may by general laws vest in the corporate authorities thereof the power to assess and collect taxes for such purposes."

Here is a prohibition against the legislature imposing taxes upon cities, towns, counties, or other municipal corporations, or the inhabitants thereof, for county, city, town, or other municipal purposes. The inquiry, then, must be directed to whether the statute imposes such a tax. Section 9351-1, Rem. 1927 Sup., which is one of the sections of the chapter mentioned, provides that:

"There is hereby established for each city and town in the state a fund for the purpose of guaranteeing to the extent of such fund and in the manner hereinafter provided, the payment of its local improvement bonds and warrants issued to pay for any local improvement ordered; . . ."

Section 9351-2 provides that such fund shall be designated as the "local improvement guaranty fund," and, for the purpose of maintaining this fund, every city or town shall, after the creation thereof,

". . . levy, from time to time, as other taxes are levied, such sums as may be necessary to meet the financial requirements thereof; provided, that such sums so levied in any year shall not be more than sufficient to pay the outstanding warrants on said fund and to establish therein a balance which combined levy in any one year shall not exceed five per centum of the outstanding obligations thereby guaranteed."

Section 9351-3 provides that, whenever there shall be paid out of the guaranty fund any sum on account of principal or interest of a local improvement bond, or warrant, the city or town, as trustee for the fund, shall be subrogated to all the rights of the holder of the bond, or interest coupon, or warrant, so paid, and the proceeds thereof, or of the assessment underlying the same, shall become part of the guaranty fund.

Section 9351-4 provides that no city or town operating under the provisions of the act

". . . shall order any improvement to be paid for, in whole or in part, by local assessment where the estimated cost of such improvement, if such cost is all to be assessed to the property in the district, or that portion of the estimated cost to be assessed, if a portion only of said total cost is to be assessed, when added to all other outstanding and unpaid local improvement assessments against the property included in the district, excluding penalties and interest, shall exceed the actual value of the real property, exclusive of improvements thereon, within the district according

to the valuation last placed upon it for the purposes of general taxation; . . ."

The act, by its terms, does not apply to bonds or warrants issued to pay for any local improvement ordered prior to its effective date. Nowhere in the act is there any imposition of a tax upon the city, or the inhabitants thereof, but the act makes it a condition precedent to the ordering of a local improvement, and the payment thereof by local assessments, that the guaranty fund shall be created. The city may, or may not, order a local improvement, but, if it does, the assessment for the benefit of the guaranty fund must be made, and this is imposed by the city and not by the act of the legislature.

Since the tax is imposed by the city and not by the legislature, the act is not in conflict with § 12, art. XI, of the constitution, above quoted. In *Northern Pacific R. Co. v. Pierce County,* 51 Wash. 12, 97 Pac. 1099, 23 L. R. A. (N. S.) 286, speaking with reference to a drainage district act which, in certain contingencies, provided for a tax to be levied by the district, the court said:

"The legislature in this instance has not violated § 12, of art. XI, of the state constitution by imposing any tax upon it.

"Nor is it necessary to determine whether this drainage district is a municipal corporation, within the meaning of said § 12 under which the power to assess and collect taxes is especially conferred. The state constitution is a limitation and not a grant of power, and the legislature has supreme authority, in the absence of constitutional limitations expressed or necessarily implied. This is an organization voluntarily entered into under powers, regulations and forms prescribed by the legislature, and the burden of paying the expenses necessary to effectuate the object of the organization was voluntarily assumed by a vote of the people. As we said in *State ex rel. Seattle v. Carson,* 6 Wash. 250,

33 Pac. 428: 'So long, therefore, as the tax is imposed by the corporate authorities, the evil sought to be avoided by the constitutional provisions is not incurred.' In this case the burden being self-imposed, there is no room to exclaim against legislative power.''

The case of *State v. Pierce County,* 132 Wash. 155, 231 Pac. 801, is to the same effect.

The tax in question being self-imposed when the city orders a local improvement, there is no imposition by the state of a tax upon the municipality.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, HOLCOMB, and MITCHELL, JJ., concur.