[No. 23438. Department Two. May 2, 1932.]

R. S. KELLY, *Respondent*, v. THE CITY OF SUNNYSIDE *et al., Appellants*.[1]

*Wm. B. Bridgman,* for appellant.

*Roberts & Roberts* and *Walter V. Swanson,* for respondents.

*Geo. O. Beardsley, Amicus Curiae.*

*Tanner & Garvin, Amici Curiae.*

MAIN, J.—The plaintiff, the owner of local improvement guaranty fund bonds issued by the defendant city, brought this action for recovery upon the bonds and to require the city to levy a tax for the benefit of the guaranty fund, as provided for in chapter 141, Laws of 1923, p. 454 (Rem. 1927 Sup., § 9351-1 *et seq.*). The cause was tried to the court without a jury, and resulted in a judgment upon the bonds and a direction that the tax be levied, from which the defendants appeal.

[1]Reported in 11 P. (2d) 230.

Section 1 of the act referred to provides that every city and town may immediately create a fund for the purpose of guaranteeing, to the extent of such fund and in the manner "hereinafter provided, the payments of its local improvement bonds issued subsequent to the effective date of this act. . . ." Section 2 provides that the local improvement guaranty fund shall at no time "exceed a sum equal to five per cent of the outstanding bond obligations thereby guaranteed." Section 3 provides that, after the creation of the guaranty fund, the city or town "shall levy, from time to time as other taxes are levied, such sums as may be needed to meet the financial requirements of the fund."

Section 6 of Article VIII of the constitution of this state provides that no city shall for any purpose

". . . become indebted in any manner to an amount exceeding one and one-half per centum of the taxable property in such . . . city . . . without the assent of three-fifths of the voters therein voting at an election to be held for that purpose, . . ."

The appellant city was indebted, above legal offsets, more than one and one-half per cent of the actual value of the taxable property therein, and there has been no vote of the people for a larger indebtedness. The principal question, as stated in the appellants' brief, is whether the local improvement guaranty fund law is limited in its application by the constitutional provision mentioned. In other words, the question is whether the provision of the local improvement guaranty fund law requiring the levy of a tax for the benefit of the fund creates a debt within the meaning of the constitutional provision quoted.

The appellants recognize that, in the cases of *Comfort v. Tacoma,* 142 Wash. 249, 252 Pac. 929, and *Hallahan v. Port Angeles,* 161 Wash. 353, 297 Pac. 149,

this court has sustained the constitutionality of the law, but say that in neither of the cases was the precise question here presented before this court. But with this contention we are unable to agree. In the *Comfort* case, it was said:

"The main and serious question raised in this case is whether bonds issued under the provisions of the guaranty law become a debt of the city, for, if they are, they increase the debt of the city of Tacoma beyond the one and one-half per cent statutory limit without a vote of the people, and the statute authorizing their issuance becomes unconstitutional."

As we understand it, that is the same question that is presented upon the present appeal. It was there held that the statute requiring the city to pay into the guaranty fund sufficient to pay five per cent of the outstanding bonds, provided the local assessment funds prove insufficient, and to include the item in the annual budget and levy taxes therefor, creates only a contingent liability of the city, and "in no sense a debt proper." The question was there thoroughly considered, and we adhere to the holding in that case.

In the case of *Austin v. Seattle*, 2 Wash. 667, 27 Pac. 557, relied on by the appellants, it was held that the provision of the charter of the defendant city, which said: "The city shall be liable for the payment of principal and interest" of bonds issued for the payment of local improvements, came within the constitutional provision mentioned, because that charter provision made the city primarily liable. That case differs from the present one, in that there, under the charter provision, a debt was created, while under the guaranty fund law there is not a debt, but a contingent liability.

It is also said that, if the act is constitutional, the five per cent should be limited to the outstanding bonds of the district or districts which are in default. How-

ever, the statute does not make this limitation, but refers to the "outstanding bond obligations thereby guaranteed."

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, and BEALS, JJ., concur.

MILLARD, J. (dissenting)—I cannot agree that, because the liability is contingent, the levy of a tax for the benefit of a local improvement guaranty fund does not create a debt within the meaning of Art. VIII, § 6, of the state constitution.