[No. 15907-1-I.   Division One.   July 7, 1986.]

PEOPLES NATIONAL BANK OF WASHINGTON, *Appellant,* v. THE CITY OF ANACORTES, ET AL, *Respondents.*

*Terence P. Lukens* and *William H. Nielsen,* for appellant.

*Stephen E. Mansfield, City Attorney,* for respondents.

COLEMAN, J.—This appeal arises from the creation of a Local Improvement District (LID) by the City of Anacortes.

On July 11, 1983, the City mailed public hearing notices to property owners, including appellant/trustee[1] Peoples National Bank (Peoples), who would be affected by the planned LID. The notices did not set out the estimated *benefits* accruing to the affected land parcels as a result of the LID. However, the notices did include an estimated assessment for each affected parcel.

By letter dated July 29, 1983, appellant Peoples protested the formation of the LID on the grounds that "our [Peoples'] analysis indicates that the cost of this proposed improvement exceeds the benefits that will accrue to the property."

The public hearing was held on August 1, 1983. Various landowners in attendance, including a beneficiary of the above–mentioned Peoples' trust, voiced their opposition to the proposed LID. However, as appellant admits, none of the speakers "specifically raised or commented upon the statutory insufficiency of the notice on the basis of its failure to state estimated *benefits* to the affected lots." (Italics

---

[1]Appellant Peoples Bank is trustee of the Efthimios Demopoulos living trust. This trust includes real property affected by the LID at issue here.

ours.) Brief of Appellant, at 7.

On August 15, 1983, the Anacortes City Council adopted ordinance 1919 establishing LID 195. During the next month, Peoples and two beneficiaries of the trust submitted written protests to the City, including a petition asking the City Council to "table" consideration of the LID for continued study. There was no objection to the sufficiency of the notice contained in these submissions. The City Council rejected these appeals, and Peoples commenced this action.

On October 17, 1983, the Skagit County Superior Court issued a writ of certiorari to review the City's action on the LID. At trial, Peoples argued that the City had not followed the statutory notice requirements contained in RCW 35.43.150. Specifically, Peoples contended that the City's notice of the public hearing on the LID failed to set out the estimated benefits from the improvements as required by RCW 35.43.150.

The trial court ruled that the notice was deficient,[2] but held that the deficiency (failure to state estimated benefits) was waived by appellant when it failed to assert such deficiency in the proceedings before the City Council. This appeal followed.

The issue presented is whether the trial court erred in finding that appellant waived any defect in the notice for the public hearing. Respondent and intervenor contend that *Chandler v. Puyallup,* 70 Wash. 632, 127 P. 293 (1912) controls the waiver issue. In that case the appellant argued that the Puyallup City Council was without jurisdiction to make a special assessment because the City had failed to *twice* publish a notice of hearing on the assessment as required by statute. In rejecting this argument, the *Chandler* court stated:

> Having admittedly appeared in response to the defective notice, it was incumbent upon them to show that they then objected to the sufficiency of the notice. Otherwise

---

[2]The trial court's finding regarding the deficiency in the notice is not challenged on appeal.

we must treat that objection as waived, unless the failure to publish the notice twice was jurisdictional in the absolute sense that it could not be waived in any manner. There is much reason in the view that this notice has nothing to do with the constitutionality of the law. Its purpose was not to accord a hearing upon the validity of the assessment or as to the benefit therefrom to the property within the district, but to accord a hearing as to the limits of the district and as to whether the district should be formed at all. . . .

. . . To proceed under an imperfect publication was not to proceed without power. It was merely an irregular exercise of power. The appellants who actually appeared before the council in response to the notice, but failed to offer any objection as to the sufficiency of the notice, must be held to have waived that objection.

(Citations omitted.) *Chandler,* at 633–34. Respondent argues that, under *Chandler,* any defect in a notice of public hearing is waived if not raised at the hearing. On the other hand, appellant argues that the *Chandler* holding is applicable only when the "*manner of delivery*" of notice is in issue. Reply Brief of Appellant, at 7. According to appellant, when notice fails to include an assessment of *benefits;* the defect impairs the functioning of the hearing process, and such defect is not waived simply because the complaining party does not point out the defect at the hearing.

However, respondents' (and intervenor's) interpretation of *Chandler* is supported by Professor Trautman's article *Assessments in Washington,* 40 Wash. L. Rev. 100 (1965), which states in pertinent part:

There is nothing in the constitution requiring that notice of a proposed improvement be given by resolution or otherwise. As a result, the court has been somewhat liberal in allowing for deviations from the statutory requirements as to notice and contents of a resolution. Substantial compliance, rather than exact compliance, is the test. The purpose of the notice at this stage is not to accord a hearing upon the validity of the assessment, which has not yet been determined or the benefit to the property within the district, which has yet to be determined, but to accord a hearing upon the limits of the

proposed district and upon the question whether the district should be formed at all. Objections by property owners at this stage should be directed to those questions. *A failure to raise issues pertinent thereto, as to sufficiency of the notice, or sufficiency of the city engineer's report, at this stage will constitute a waiver.*

(Footnotes omitted. Italics ours.) *Assessments in Washington,* at 111–12.

■ Thus, the above cited authorities indicate that defects in the form of a notice under RCW 35.43.150 are not *jurisdictional defects* and are waived if no objection is taken at the public hearing. The provisions of RCW 35.43-.150 are "not constitutionally mandated; they are merely statutory procedures." *Patchell v. Puyallup,* 37 Wn. App. 434, 443, 682 P.2d 913 (1984). Therefore, an imperfect notice does not deprive the City of power to proceed. Rather, the imperfection renders the proceedings "irregular", *Chandler,* at 634, and absent a timely objection, the City may proceed in establishing the district. Since appellant did not object to the notice at the public hearing, the defect was waived.[3]

The judgment of the trial court is affirmed.

WEBSTER, J., and JOHNSEN, J. Pro Tem., concur.

---

[3]It is acknowledged that the parties will have an opportunity to challenge the validity of the assessment and the claimed benefit to the property in subsequent proceedings. The sole issue before the City Council was whether the district should be formed.